No. 51,795

STATE OF KANSAS, *Appellee,* v. MERRILL ANDREWS, *Appellant.*

(614 P.2d 447)

Opinion filed July 18, 1980.

*Daniel T. Brooks,* of Wichita, argued the cause and was on the brief for appellant.

*Michael Barbara,* assistant district attorney, argued the cause and *Robert T. Stephan,* attorney general, and *Vern Miller,* district attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: This is an appeal by defendant, Merrill Andrews, based upon the failure of the trial court to appoint counsel to

represent Andrews on his third motion for a new trial which was the second based upon newly discovered evidence filed pursuant to K.S.A. 22-3501.

On August 7, 1978, defendant was found guilty of aggravated burglary and first-degree murder. Steven C. Sherwood was appointed to represent the defendant and, following the conviction, filed a motion for a new trial which was heard and overruled by the trial court on September 1, 1978. Thereafter, Chester I. Lewis was retained by defendant to handle his appeal to this court. The conviction was affirmed in an unpublished opinion filed June 9, 1979. (Case No. 50,416.) Throughout the proceedings in the district court and the first appeal in this court and subsequent to our decision of June 9, 1979, defendant has filed literally dozens of pages of pro se pleadings, letters, affidavits and other documents.

On July 10, 1979, defendant filed with the district court numerous documents which the trial court treated as a motion for new trial based upon newly discovered evidence and a motion for appointment of counsel to represent defendant at a hearing on the motion for new trial. Defendant specifically requested that his appellate counsel, Mr. Lewis, not be appointed. The trial court once again appointed Mr. Sherwood to represent the defendant. The file reflects that defendant also filed affidavits, an amendment to his motion for a new trial, a motion for an evidentiary hearing, a request for production of documents, a request for subpoenas to be issued to 27 people, including four at the Lansing penitentiary and two at the Hutchinson reformatory, numerous letters to the clerk and to the district court judge and anonymous letters attesting to the defendant's innocence.

Defendant's motion was set for hearing on August 21, 1979. Seven inmates of the Lansing penitentiary and the Hutchinson reformatory along with the defendant were returned by the State to Sedgwick County for the hearing. Defendant was present in person and by his appointed counsel, Mr. Sherwood. Subpoenas had been issued as requested by defendant and an evidentiary hearing was held before the Hon. Elliott Fry. On August 23, 1979, Judge Fry issued his memorandum opinion in which he overruled defendant's motion for a new trial. During the original trial one Noyldon Baker was a principal witness for the State. The newly discovered evidence consisted primarily of testimony from

inmates at Lansing and Hutchinson to the effect that after the trial Mr. Baker recanted his testimony and told the other inmates that Andrews was innocent and not involved in the original crimes for which he was convicted. Unfortunately, Mr. Baker was deceased at the time of the August 21, 1979, hearing. Other evidence was in the nature of an alibi and was not newly discovered as the witnesses were the same alibi witnesses that had been endorsed by the defendant prior to the original trial. After hearing all the admissible, relevant evidence and having the rather voluminous file .available, the court found that some of the evidence was unreliable and that considering the entire evidence it would not be likely that a different verdict would be reached in a second trial.

Thereafter, beginning on October 25, 1979, defendant began filing a series of pro se documents seeking new counsel, production of documents, another motion which appears to be a third motion for a new trial and request for rehearing of the previous motion heard August 21, 1979, and a motion requesting transcripts of the preliminary hearing, trial and the hearing held August 23, 1979. While it is difficult to determine the precise nature of most of these documents, the trial court construed the gist of them to be a third motion for a new trial and the second based upon newly discovered evidence, together with a motion to appoint counsel. Pro se pleadings are to be liberally construed. *Jackson v. State,* 1 Kan. App. 2d 744, 573 P.2d 637 (1977), *rev. denied* 225 Kan. 844 (1978). While we have certain reservations about the sufficiency of these documents, we will consider them in the same manner as the trial court. The motion for counsel was denied and the motion for a new trial was denied by Judge Fry on December 3, 1979, for the same reasons as his decision of August 23, 1979. The defendant was not present at the December 3rd hearing and was not represented by counsel. On December 26, 1979, defendant filed a pro se notice of appeal from the December 3rd ruling, a motion for appointment of counsel and objections to the December 3rd ruling. At this time he requested that Mr. Sherwood not be reappointed and that he be given new counsel. Mr. Daniel Brooks was appointed and has filed this appeal from the December 3, 1979, ruling on the grounds that the district court committed error when it failed to appoint counsel to represent the defendant for the third new trial motion. While the

appeal was pending, defendant filed a motion seeking the removal of Mr. Brooks and the appointment of different counsel. This request was denied and Mr. Brooks represented the defendant on defendant's second appeal to this court.

During the pendency of this appeal, defendant filed a motion asking this court to remand the case to district court so he could file still another motion for a new trial based upon allegations of newly discovered evidence. This motion was supported by sixteen legal size pages of affidavits and other material principally to the effect that the deceased Mr. Baker had recanted his testimony after the first trial. They are repetitious of prior documents filed by defendant and which were available to the trial court. This court overruled the motion to remand and, in due course, this appeal was presented.

The sole issue before the court is whether a defendant is constitutionally or statutorily entitled to be represented by counsel on successive repetitious post-trial motions seeking a new trial on grounds of alleged newly discovered evidence.

The statutory authority for a new trial is K.S.A. 22-3501, which reads:

"(1) The court on motion of a defendant may grant a new trial to him if required in the interest of justice. If trial was by the court without a jury the court on motion of a defendant for a new trial may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment. A motion for a new trial based on the ground of newly discovered evidence may be made within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within 10 days after the verdict or finding of guilty or within such further time as the court may fix during the 10-day period.

"(2) A motion for a new trial shall be heard and determined by the court within 45 days from the date it is made."

The right of an indigent defendant in a state prosecution to have counsel furnished to him has been considered in numerous decisions by the United States Supreme Court for nearly fifty years. In *Powell v. Alabama,* 287 U.S. 45, 68, 77 L.Ed. 158, 53 S.Ct. 55 (1932), the Court unequivocally declared that under the sixth amendment to the Constitution "the right to aid of counsel is of . . . [a] fundamental character." The failure to appoint counsel for an indigent defendant charged with a capital offense was found to be a clear denial of due process of law required by the Constitution. In 1963, the Court, in its landmark decision in

*Gideon v. Wainwright,* 372 U.S. 335, 9 L.Ed.2d 799, 83 S.Ct. 792 (1963), held that sixth amendment provisions including the right to counsel were obligatory upon the states through the due process clause of the fourteenth amendment. *Gideon* did not, however, begin to answer all the questions of when due process requires the appointment of counsel. Subsequent cases have held that a juvenile is entitled to appointment of counsel in a delinquency proceeding (*In re Gault,* 387 U.S. 1, 18 L.Ed.2d 527, 87 S.Ct. 1428 [1967]), and the right to appointed counsel has been extended to state probation revocation hearings at which a deferred sentence may be imposed (*Mempa v. Rhay,* 389 U.S. 128, 19 L.Ed.2d 336, 88 S.Ct. 254 [1967]). In *Argersinger v. Hamlin,* 407 U.S. 25, 32 L.Ed.2d 530, 92 S.Ct. 2006 (1972), the Court extended the right to counsel to many misdemeanor cases when it held that the sixth amendment forbids imposing a prison or jail sentence on any indigent who has not been afforded the right to counsel.

Along the same line, the Court has held that in addition to the trial and pretrial proceedings, an indigent defendant has a right to appointed counsel in perfecting his appeal, including the right to a trial transcript and the right to file an appeal without a filing fee (*Griffin v. Illinois,* 351 U.S. 12, 100 L.Ed. 891, 76 S.Ct. 585 [1956]). In *Griffin* the Court reaffirmed the traditional principle that a state is not obligated to provide an appeal for criminal defendants at all; but where a state does grant appellate review in a criminal case, it cannot discriminate against some convicted defendants on account of their poverty. The Court went on to state that the due process and equal protection clauses protect a defendant from invidious discrimination at all stages of the proceedings. In *Douglas v. California,* 372 U.S. 353, 9 L.Ed.2d 811, 83 S.Ct. 814 (1963), the Court held unconstitutional California's requirement that counsel on appeal would be appointed for an indigent only if the appellate court determined that such an appointment would be helpful to the defendant or the court itself. The Court held that requiring an indigent to first submit his case for a preliminary ex parte examination of the record, which defendants with the means to hire counsel would not be subject to, violates the indigent's right to equal protection of the laws as required by the fourteenth amendment. Other cases expanding a defendant's right to counsel include *Miranda v. Arizona,* 384 U.S.

436, 16 L.Ed.2d 694, 86 S.Ct. 1602 (1966); *Escobedo v. Illinois,* 378 U.S. 478, 12 L.Ed.2d 977, 84 S.Ct. 1758 (1964); and *Massiah v. United States,* 377 U.S. 201, 12 L.Ed.2d 246, 84 S.Ct. 1199 (1964).

In response to these decisions, the Kansas Legislature enacted a comprehensive statutory scheme for provision of legal represen-tation to indigent persons in criminal matters. K.S.A. 1979 Supp. 22-4503 reads:

*"A defendant charged by the state of Kansas in a complaint, information or indictment with any felony is entitled to have the assistance of counsel at every stage of the proceedings against such defendant and a defendant in an extradition proceeding, or a habeas corpus proceeding pursuant to K.S.A. 22-2710, is entitled to have assistance of counsel at such proceeding.* A person subject to an order or commitment pursuant to K.S.A. 1979 Supp. 22-3428 or 59-2917 shall be entitled to the assistance of counsel at every stage of a habeas corpus proceeding brought by such person and the provisions of this section relating to defendants shall be applicable to such persons. If such a defendant appears before any court or magistrate without counsel to assist and conduct the defendant's defense, it shall be the duty of the court or magistrate to inform the defendant that such defendant is entitled to counsel and that counsel will be appointed to represent the defend-ant if the defendant is not financially able to employ an attorney. The court or magistrate shall give the defendant an opportunity to employ counsel of the defendant's own choosing if the defendant states the defendant is able to do so; and if the defendant asks to consult with counsel of the defendant's own choosing, the defendant shall be given a reasonable opportunity to do so. If it is determined that the defendant is not able to employ counsel, as provided in K.S.A. 1979 Supp. 22-4504, the court or magistrate shall appoint an attorney from the panel to aid indigent defendants to represent the defendant. A record of the proceedings provided for herein shall be entered in the journal, and any order binding the defendant for trial or directing further detention upon the charge and the journal entry of trial and judgment shall recite the substance of such pro-ceedings. Counsel employed by or appointed for the defendant shall have free access to the defendant at all times for the purpose of conferring with the defendant relative to the charge, for advising the defendant respecting the de-fendant's plea and for the preparation of the defense, if a defense is to be made. It is the duty of an attorney appointed by the court to represent a defendant, without charge to such defendant, to inform the defendant fully of the crime charged against the defendant and the penalty therefor, and in all respects fully and fairly to represent the defendant in the action. If, after the attorney's appointment, the attorney learns that the defendant has funds or other resources sufficient to enable the defendant to employ counsel, the attorney shall report these facts to the court and ask permission to withdraw from the case or to be permitted to accept compensation for services, as provided in K.S.A. 22-4508." (Emphasis added.)*

K.S.A. 1979 Supp. 22-4505 provides for the appointment of counsel on appeals from felony convictions as follows:

*"When a defendant has been convicted in the district court of any felony, the judge shall inform such defendant that he or she is entitled to appeal such conviction to the appellate court having jurisdiction and shall further inform said defendant that if a defendant is financially unable to pay the costs of such appeal such defendant may request the court to appoint an attorney to represent him or her on appeal and to direct that said defendant be supplied with a transcript of the trial record. If the defendant shall make and file an affidavit stating that said defendant intends to take an appeal in the case and if the court determines, as provided in K.S.A. 22-4504, that the defendant is not financially able to employ counsel the court shall appoint counsel from the panel to aid indigent defendants to represent the defendant and to perfect and handle the appeal.* If the defendant shall file a verified motion for transcript stating that a transcript of the trial record is necessary to enable said defendant to prosecute the appeal and that said defendant is not financially able to pay the cost of procuring such transcript, and if the court finds that the statements contained therein are true the court shall order that such transcript be supplied to the defendant and paid for, as provided in K.S.A. 1976 Supp. 22-4509, from the fund to aid indigent defendants. Upon an appeal or petition for certiorari addressed to the supreme court of the United States, if the defendant is without means to pay the cost of making and forwarding the necessary records, the supreme court of Kansas may by order provide for the furnishing of necessary records." (Emphasis added.)

K.S.A. 22-4506 provides for counsel for indigent defendants in habeas corpus proceedings and in proceedings attacking sentence under K.S.A. 60-1507. K.S.A. 22-4506 provides:

"If any person is in custody under a sentence of imprisonment upon conviction of a felony, and such person shall file a petition for writ of habeas corpus or a motion attacking sentence under K.S.A. 60-1507 and shall file with such petition or motion his affidavit stating that the petition or motion is filed in good faith and that he is financially unable to pay the costs of such action and to employ counsel to assist him, the court shall make a preliminary examination of the petition or motion and the supporting papers; and if the court finds that the petition or motion presents substantial questions of law or triable issues of fact and if the petitioner or movant has been, or if he shall thereafter be, determined to be an indigent person, as provided in section 4 [22-4504], the court shall appoint counsel from the panel to aid indigent defendants to assist such person and authorize the action to be filed without a deposit of security for costs. If the petition or motion in such case raises questions shown by the trial record, the court shall order that the petitioner or movant be supplied with a transcript of the trial proceedings, or so much thereof as may be necessary to present the issue, without cost to him. Should an appeal be taken in such action, the trial court shall, if it finds that the petitioner or movant is an indigent person, appoint counsel to conduct the appeal, order that the appellant be supplied with a record of the proceedings or so much thereof as such counsel determines to be necessary and order that the deposit of security for costs be waived."

It is clear that when an indigent defendant wishes to pursue a writ of habeas corpus or a motion attacking sentence pursuant to

K.S.A. 60-1507, the district court is to examine the merits of the motion or petition and then make a decision as to whether the appointment of counsel is necessary.

Thus it is obvious that our statutes provide that an indigent defendant is entitled to counsel at every stage of the pretrial proceedings and trial (K.S.A. 1979 Supp. 22-4503), on appeal (K.S.A. 1979 Supp. 22-4505) and in habeas corpus proceedings and motions attacking sentence under K.S.A. 60-1507. However, nothing in our statutes specifically covers the problem of post-conviction motions including motions for a new trial. We think it is clear that the customary motion for a new trial which must be filed within ten days under K.S.A. 22-3501 and which is principally for the purpose of calling to the attention of the trial court alleged trial errors is a stage of the criminal proceedings which falls within the purview of K.S.A. 1979 Supp. 22-4503, and counsel must be provided for the purposes of such a motion. Are subsequent motions, filed after the ten day period and frequently after an unsuccessful appeal, seeking a new trial on the grounds of newly discovered evidence, also within the purview of the statute? We think not.

In habeas corpus and motions attacking sentence under K.S.A. 60-1507, the statute clearly sets forth a procedure where the court shall make a preliminary investigation before being required to appoint counsel. However, habeas corpus proceedings and motions under 60-1507 are civil in nature and not controlled by the constitutional or statutory requirements applicable to criminal cases. In the recent case of *State v. Bryant,* 227 Kan. 385, 607 P.2d 66 (1980), this court had occasion to compare proceedings on successive motions for a new trial based upon newly discovered evidence to proceedings under K.S.A. 60-1507. In *Bryant* the defendant claimed his constitutional and statutory rights had been violated when his motion for a new trial based upon newly discovered evidence was heard and determined without the defendant being present. The trial court, after examination of a defense witness, denied the defendant's motion for a new trial and in the opinion of the court we stated:

"K.S.A. 22-3501 provides that the court on motion of defendant may grant a new trial to him if required in the interest of justice. That statute further provides that a motion for a new trial based on the ground of newly discovered evidence may be made within two years after final judgment. A motion for a new trial based on other grounds may be filed within ten days after the verdict or finding of guilty or

within such further time as the court may fix. The issue presented here is whether the defendant is entitled to be present, as a matter of right, at a hearing on his motion for a new trial filed after the imposition of sentence, where the ground asserted is newly discovered evidence. We have concluded that the presence of the defendant at such a hearing is a matter resting within the sound discretion of the trial court.

"The majority view throughout the United States is that the presence of a convicted defendant is not required at a hearing on a postverdict motion for a new trial. 21 Am. Jur. 2d, Criminal Law § 308; Annotation at 69 A.L.R.2d 835. The rationale of the majority rule is that the trial ends when a verdict has been rendered, that any right which an accused may have to be present at proceedings following indictment continues only during the pendency of the trial, and that a defendant, once convicted, cannot expect to be present at postconviction motions. *A motion for a new trial based upon newly discovered evidence, filed after the imposition of sentence, is comparable to the procedure provided under K.S.A. 60-1507. In proceedings under 60-1507, the trial court normally conducts a preliminary inquiry to determine whether the claims asserted in the motion are substantial before granting a full evidentiary hearing* and requiring the petitioner to be present.

. . . .

"We cannot say that the trial court abused its discretion in refusing to grant the defendant a further evidentiary hearing with an opportunity to be present.

"We wish to emphasize we are not holding that a trial court has an unbridled discretion to deny a defendant an evidentiary hearing on a motion for a new trial based upon newly discovered evidence where there is substantial evidence to *support the motion. We are simply holding that,* under the circumstances of this case, the trial court did not abuse its discretion." (Emphasis added.) pp. 390-392.

The procedure provided by K.S.A. 22-4506 obviously is not included within K.S.A. 1979 Supp. 22-4503 but we do not think the use of similar procedure under circumstances such as exist in this case on successive post-trial and post-appeal motions could be considered an abuse of discretion by the trial court. In ruling on a motion for a new trial on the grounds of newly discovered evidence the rules were recently summarized in *State v. Johnson,* 222 Kan. 465, 565 P.2d 993 (1977), as:

"The granting of a new trial for newly discovered evidence is in the trial court's discretion. (*State v. Larkin,* 212 Kan. 158, 510 P.2d 123, cert. den. 414 U.S. 848, 38 L.Ed.2d 95, 94 S.Ct. 134.) A new trial should not be granted on the ground of newly discovered evidence unless the evidence is of such materiality that it would be likely to produce a different result upon re-trial. (*State v. Hale,* 206 Kan. 521, 479 P.2d 902.) The credibility of the evidence offered in support of the motion is for the trial court's consideration. (*State v. Anderson,* 211 Kan. 148, 505 P.2d 691; *State v. Larkin,* supra.) The burden of proof is on defendant to show the alleged newly discovered evidence could not with reasonable diligence have been produced at trial. (*State v. Lora,* 213 Kan. 184, 515 P.2d 1086; *State v. Arney,* 218 Kan. 369, 544 P.2d 334.) The appellate review of an order denying a new trial is limited

to whether the trial court abused its discretion. (*State v. Campbell,* 207 Kan. 152, 483 P.2d 495; *State v. Anderson,* supra.)" p. 471.

We find no statutory mandate that requires the appointment of counsel at each and every post-trial motion seeking a new trial on the grounds of newly discovered evidence and such a decision rests within the sound discretion of the trial court.

As to the constitutional requirement, the general rule is that an accused "requires the guiding hand of counsel at every step in the proceedings against him." *Powell v. Alabama,* 287 U.S. 45, 69, 77 L.Ed. 158, 53 S.Ct. 55, 84 A.L.R. 527 (1932). In *United States v. Wade,* 388 U.S. 218, 226, 18 L.Ed.2d 1149, 87 S.Ct. 1926 (1967), the Supreme Court held that "[i]t is central to that principle that in addition to counsel's presence at trial, the accused is guaranteed that he need not stand alone against the State at any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to a fair trial." The Court went on to state:

"In recognition of these realities of modern criminal prosecution, our cases have construed the Sixth Amendment guarantee to apply to 'critical' stages of the proceedings." (388 U.S. at 224.)

. . . .

"[T]he principle of *Powell v. Alabama* and succeeding cases requires that we scrutinize any *pretrial confrontation* of the accused to determine whether the presence of his counsel is necessary to preserve the defendant's basic right to a fair trial as affected by his right meaningfully to cross-examine the witnesses against him and to have effective assistance of counsel at the trial itself. It calls upon us to analyze whether potential substantial prejudice to defendant's rights inheres in the particular confrontation and the ability of counsel to help avoid that prejudice." (*United States v. Wade,* 388 U.S. at 227.) (Emphasis added.)

Thus the trend has been for the court to determine whether the matter before the court is a critical stage of the proceeding although the court has not been as willing to provide counsel in post-conviction proceedings as in pretrial proceedings.

In *Coleman v. Alabama,* 399 U.S. 1, 9, 26 L.Ed.2d 387, 90 S.Ct. 1999 (1970), the U.S. Supreme Court held that "[t]he determination whether the hearing is a 'critical stage' requiring the provision of counsel depends, as noted, upon an analysis 'whether potential substantial prejudice to defendant's rights inheres in the . . . confrontation and the ability of counsel to help avoid that prejudice.' *United States v. Wade, supra,* [388 U.S.] at 227."

Considering the broad discretion of the trial court in granting a motion for a new trial based upon newly discovered evidence and the constitutional requirements for the appointment of counsel as developed by the United States Supreme Court, we hold that under the circumstances of this case the defendant has shown no potential substantial prejudice to his rights and did not have a statutory or constitutional right to the absolute appointment of counsel for the purposes of prosecuting such a motion. No abuse of discretion has been shown.

The judgment is affirmed.