M. Kathryn Webb, Chairperson Board of Indigents' Defense Services Jayhawk Walk 714 S.W. Jackson, Suite 200 Topeka, Kansas 66603-3714
Dear Ms. Webb:
As Chairperson of the State Board of Indigents' Defense Services, you request our opinion on whether the Board must pay fees to attorneys appointed to represent petitioners in habeas corpus proceedings under K.S.A. 1996 Supp. 60-1501 that challenge conditions of confinement. You state that current Board policy prohibits such payment based on the language of K.S.A. 1996 Supp. 22-4503 which limits the appointment of counsel to certain habeas corpus actions. You ask whether the limitations of K.S.A. 1996 Supp. 22-4503
apply to habeas corpus actions filed under K.S.A. 22-4506, as amended by L. 1997, Ch. 181, § 6.
The Indigent Defense Services Act, K.S.A. 22-4501 etseq., gives the State Board of Indigents' Defense Services the responsibility for establishing a system to provide, supervise and coordinate constitutionally and statutorily required counsel and related legal services for eligible indigent persons. K.S.A. 22-4522(a), as amended by L. 1997, Ch. 181, § 24. The Act also provides that appointment of attorneys to represent indigent defendants shall be in accordance with the applicable system for providing legal defense services as prescribed by the Board. K.S.A. 22-4501(b). The Board is further required by K.S.A. 22-4522, as amended, to:
 "[A]dopt rules and regulations in accordance with K.S.A. 77-415 et. seq., and amendments thereto, which are necessary for the operation of the board and the performance of its duties and for the guidance of appointed counsel, contract counsel and public defenders, including but not limited to: (1) Standards for entitlement to legal representation at public expense; (2) standards and guidelines for compensation of appointed counsel and investigative, expert and other services within the limits of appropriations. . . ."
K.S.A. 1996 Supp. 22-4503 sets out when a defendant is entitled to appointed counsel as follows:
 "A defendant charged by the state of Kansas in a complaint, information or indictment with any felony is entitled to have the assistance of counsel at every stage of the proceedings against such defendant and a defendant in an extradition proceeding, or a habeas corpus proceeding pursuant to K.S.A. 22-2710 and amendments thereto, is entitled to have assistance of counsel at such proceeding. A person subject to an order or commitment pursuant to K.S.A. 22-3428 or K.S.A. 1996 Supp. 59-2965 and amendments thereto, shall be entitled to the assistance of counsel at every stage of a habeas corpus proceeding brought by such person and the provisions of this section relating to defendants shall be applicable to such persons. . . .
 If it is determined that the defendant is not able to employ counsel . . . the court shall appoint an attorney from the panel for indigents' defense services or otherwise in accordance with the applicable system for providing legal defense services for indigent persons prescribed by the state board of indigents' defense services for the county or judicial district."
K.S.A. 22-4506, as amended by L. 1997, Ch. 181, § 6, provides for the appointment of counsel in post-conviction proceedings as follows:
 "Whenever any person who is in custody under a sentence of imprisonment upon conviction of a felony files a petition for writ of habeas corpus or a motion attacking sentence under K.S.A. 60-1507 and files with such petition or motion such person's affidavit stating that the petition or motion is filed in good faith and that such person is financially unable to pay the costs of such action and to employ counsel therefore, the court shall make a preliminary examination of the petition or motion and supporting papers. . . . If the court finds that the petition or motion presents substantial questions of law or triable issues of fact and if the petitioner or movant has been or is thereafter determined to be an indigent person . . . the court shall appoint counsel . . . in accordance with the applicable system for providing legal defense services for indigent persons prescribed by the state board of indigents' defense services, to assist such person. . . ."
The Legislature has additionally provided that an attorney who performs services for an indigent person under the Indigent Defense Services Act is entitled to compensation for such services and that "[c]ompensation for services shall be paid in accordance with standards and guidelines contained in rules and regulations adopted by the state board of indigents' defense services. . . ." K.S.A. 22-4507.
K.A.R. 105-1-1 provides in pertinent part:
 "(a) Legal representation, at state expense, shall be provided to all persons who are financially unable to obtain adequate representation without substantial hardship to themselves or their families in the following cases:
. . . .
 "(5) habeas corpus cases as authorized by K.S.A. 1982 Supp. 22-4506;
. . . .
 "(13) any other case in which legal representation at state expense is required by law."
Kansas Appellate Courts have long recognized that habeas corpus is an appropriate remedy where mistreatment during confinement is alleged. Davis v.Finney, 21 Kan. App. 2d 547, 548 (1995), citing Levierv. State, 209 Kan. 442, 449-50 (1972). In Levier, the Court concluded that:
 "[U]nder K.S.A. 1971 Supp. 22-4506 provision is made for appointment of counsel for a prisoner found to be indigent who files a petition for writ of habeas corpus when the court finds that the petition `presents substantial questions of law or triable issues of fact', such petition to be accompanied by an affidavit that the petition is filed in good faith." 209 Kan. at 450.
Although Levier was decided prior to the limitations on the kinds of habeas corpus petitions for which counsel is to be appointed under K.S.A. 22-4503 (L. 1979, Ch. 100 § 1; Ch. 97 § 3), the applicable provisions of K.S.A. 22-4506, as amended, have not changed since the Levier decision. It can be argued that if the Legislature wished to limit the kinds of habeas corpus actions for which counsel is to be appointed under K.S.A. 22-4506, as amended, it could have amended that statute at the same time it amended K.S.A. 1996 Supp. 22-4503.
Our research revealed no Kansas cases since Levier
which specifically address the appointment of counsel for habeas corpus actions challenging conditions of confinement, however, the Kansas Supreme Court included habeas corpus proceedings in discussing the appointment of counsel for a defendant seeking a new trial. Statev. Andrews, 228 Kan. 368, 374-375 (1980). In Andrews, the Court recognized that although habeas corpus proceedings are civil in nature and not controlled by constitutional and statutory requirements applicable to criminal cases, when an indigent defendant wishes to pursue a post-conviction writ of habeas corpus, the district court is to examine the merits of the motion or petition and then make a decision as to whether the appointment of counsel is necessary. See also Taylor v.State, 251 Kan. 272, 280 (1992).
In State v. Kingsley, 252 Kan. 761, 766-767 (1993), the Kansas Supreme Court again considered the need to appoint counsel for an indigent defendant who filed a motion for a new trial. The Court determined that K.S.A. 22-4503 governs pretrial and trial proceedings while K.S.A. 22-4506 governs entitlement to counsel of persons in custody after felony convictions and "[e]ntitlement eases into discretion following an appeal." The Court concluded that there is no statutory requirement that counsel be appointed for every post-trial motion and that the decision rests within the sound discretion of the trial court. Citing Andrews,228 Kan. at 377.
In the cases cited above, the Court made no mention of any limitation on the kinds of post-conviction habeas corpus proceedings for which counsel should be appointed under K.S.A. 22-4506, as amended. In addition, neither K.S.A. 22-4506, as amended, nor K.A.R. 105-1-1 contain any restriction as to specific kinds of post-conviction habeas corpus proceedings.
It appears clear from the language of K.S.A. 22-4506, as amended, that when an indigent defendant wishes to pursue a post-conviction writ of habeas corpus, the trial court in its discretion is to examine the merits of the petition and make a decision as to whether the appointment of counsel is necessary. If the court determines that counsel should be appointed, then K.S.A. 22-4506 and K.A.R. 105-1-1 give the Board of Indigents' Defense Services the responsibility to provide representation at state expense. See State v.Pierce, 246 Kan. 183, 190-191 (1990).
In our opinion the language of K.S.A. 1996 Supp. 22-4503
which limits the appointment of counsel to specific kinds of habeas corpus proceedings does not extend to post-conviction habeas corpus actions under K.S.A. 22-4506, as amended by L. 1997, ch. 181, § 6. Therefore, if a trial court determines that appointment of counsel is necessary to represent a convicted felon who files a petition for writ of habeas corpus challenging conditions of confinement, the appointed attorney is entitled to compensation paid by the Board of Indigents' Defense Services.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm