(75 P.3d 766)

No. 89,836

CLIFFORD AVRIETT, *Appellant*, v. State of Kansas, *Appellee.*

Opinion filed September 5, 2003.

*Paula D. Hofaker,* of Logan, for appellant.

*Joe Shepack,* county attorney, and *Phil Kline,* attorney general, for appellee.

Before KNUDSON, P.J., BEIER and MALONE, JJ.

BEIER, J.: Clifford Avriett appeals the district court's summary dismissal of his K.S.A. 60-1507 motion.

Pursuant to an agreement with the State, Avriett entered a guilty plea to possession of methamphetamine, a drug severity level 2 felony. Because he had a prior Oklahoma conviction for possession of phencyclidine, his Kansas conviction was treated as a second or subsequent offense, and the presumptive sentence was 49 to 51 months' incarceration. The district court granted a downward durational departure, sentencing Avriett to 27 months' incarceration with 36 months' postrelease supervision. There was no direct appeal.

Avriett later filed a pro se motion styled "Petition for Writ of Habeas Corpus for Evidentiary Hearing and Appointment of Counsel." This is the 1507 motion at issue on this appeal. Avriett alleged: (1) there was insufficient evidence to support his conviction; (2) the police lacked reasonable suspicion or probable cause to detain him following a traffic stop; (3) the State failed to prove that consent to search was voluntarily given; and (4) the police violated the Fourth Amendment in their search of his vehicle.

The district court summarily dismissed Avriett's motion for failure to meet K.S.A. 2002 Supp. 60-1502's requirement that he list all civil actions filed in last 5 years and for failing to state facts entitling him to relief.

On appeal, Avriett first argues the district court erred in dismissing his 1507 petition for failure to follow the requirements of K.S.A. 2002 Supp. 60-1502. The State does not address this issue in its brief.

The argument requires us to engage in statutory interpretation, which raises questions of law over which our review is unlimited. See *Babe Houser Motor Co. v. Tetreault*, 270 Kan. 502, 506, 14 P.3d 1149 (2000).

K.S.A. 2002 Supp. 60-1502 provides:

"The petition shall be verified and state: (1) The place where the person is restrained and by whom; (2) the cause or pretense of the restraint to the best of plaintiff's knowledge and belief; and (3) why the restraint is wrongful. Individuals in the custody of the secretary of corrections must also include a list of all civil actions, including habeas corpus actions, the inmate has filed, or participated in, in any state court within the last five years."

We have found no case discussing whether the requirements of K.S.A. 2002 Supp. 60-1502 apply to petitions under 1501 or motions under 1507 or both, and K.S.A. 2002 Supp. 60-1502 expressly refers to neither 1501 nor 1507. However, the plain language of 1502 mimics that of 1501, requiring that the verified petition state the inmate's location and the "cause or pretense" of the allegedly wrongful restraint. In addition, 1502 defines the contents of a pleading titled "petition" rather than "motion." Only 1501 refers to a "petition" as the pleading that launches the action. A party wishing to begin an action under 1507 files a "motion."

"It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. Stated another way, when a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in it." *State ex rel. Stovall v. Meneley*, 271 Kan. 355, 378, 22 P.3d 124 (2001) (citing *In re Marriage of Killman*, 264 Kan. 33, 42-43, 955 P.2d 1228 [1998]).

Given the plain language of 1502, we hold that its requirements for a "petition" apply only to petitions filed under 1501 and not to

motions filed under 1507. The district court erred in dismissing Avriett's action for failure to comply with 1502's requirement of a list of earlier actions.

Avriett next argues that his petition and the case files contained enough factual and legal support for his claims to prevent summary dismissal. However, he abandons the arguments he raised in district court in favor of a new set of contentions. He now argues that his sentence was improperly enhanced and his trial counsel was ineffective for failing to recognize the error. As a result, he argues, his guilty plea was not knowing or voluntary.

Although pro se pleadings are to be construed liberally, *State v. Andrews,* 228 Kan. 368, 370, 614 P.2d 447 (1980), even a liberal reading of Avriett's motion demonstrates that he failed to raise the arguments he advances on appeal when he was before the district court. We will not address issues raised for the first time on appeal. *Dalmasso v. Dalmasso,* 269 Kan. 752, 765, 9 P.3d 551 (2000).

Although the district judge erred in applying K.S.A. 2002 Supp. 60-1502 to Avriett's motion, we have no choice but to affirm. Avriett abandoned the issues he had addressed to the district court, and we will not address the issues he now raises for the first time on appeal. Although the new issues may have some merit, any merit must first be explored in the district court.

Affirmed.