NOT DESIGNATED FOR PUBLICATION

No. 127,444

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOHN W. TOWNER JR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee.*


MEMORANDUM OPINION

Appeal from Shawnee District Court; CHERYL A. RIOS, judge. Submitted without oral argument. Opinion filed July 18, 2025. Affirmed.

*Cooper Overstreet*, of The David Law Office, LLC, of Lawrence, for appellant.

*Michael R. Serra*, deputy district attorney, *Michael F. Kagay*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before CLINE, P.J., ARNOLD-BURGER and GARDNER, JJ.


PER CURIAM: John W. Towner Jr. appeals the district court's summary denial of his K.S.A. 60-1507 motion. The district court initially dismissed Towner's motion as untimely, but Towner moved the district court to reconsider the dismissal and to decide the merits of his claims. The district court granted that motion but summarily denied Towner's claims on the merits, finding the motion, files, and record established that he was not entitled to relief. Having reviewed the record, we affirm.

1

*Factual and Procedural Background*

A grand jury indicted Towner on several felony charges, including alternative counts of first-degree felony murder and second-degree intentional murder, and single counts of attempted second-degree intentional murder, attempted aggravated robbery, and illegal possession of a firearm. According to the indictment, Towner shot John Austin Sr. and his son, John Austin Jr., during a robbery attempt in 2018. John Sr. survived the incident, but John Jr. died around a month later. Before the State tried Towner for these crimes, the district court dismissed without prejudice the charge of illegal possession of a firearm.

Towner moved pretrial to dismiss all the charges against him, claiming he was immune from prosecution because he had acted in self-defense. At the bifurcated hearing on the motion, the State presented testimony from several witnesses, including John Sr., a police officer (Aaron Bulmer) and a detective (Ryan Hayden) involved in the case, John Jr.'s sister (Latoya Austin), and Latoya's acquaintance (Jermaine Rayton). In Towner's direct appeal, this court summarized these testimonies, which conveyed that Towner went to John Sr.'s home to rob it and had shot John Sr. and John Jr. during that attempted robbery. See *State v. Towner*, No. 121,043, 2021 WL 2633005, at *2-3 (Kan. App. 2021) (unpublished opinion). Towner elicited testimony from Hayden and testified on his own behalf. Towner claimed that he had gone to John Sr.'s house for non-nefarious reasons and had then shot the victims because John Sr. attacked his friend, Joe, and John Jr. ran at him and held a gun to his head. *Towner*, 2021 WL 2633005, at *3-4.

At the conclusion of the hearing, the district court denied Towner's motion to dismiss, finding Towner's testimony that he had subjectively believed it was a "shoot or be killed" scenario lacked credibility. The district court also found that under the circumstances, including that John Sr. and John Jr. had a right to defend John Sr.'s home from Towner's trespass, Towner's conduct was not objectively reasonable.

2

A five-day jury trial ensued. The State presented witnesses and exhibits, which included several pictures of John Jr.'s clothes, various bullets and shell casings from the crime scene, and Towner's gun and its magazine of bullets left at the scene. Towner called a witness and testified in his own defense.

Towner's trial testimony was a similar account to his pretrial testimony. He testified that he went to John Sr.'s house at Joe's request, thinking Joe simply wanted to ask John Sr. to pay a debt that he owed. Towner suggested that John Sr. essentially flew into a rage upon seeing him and Joe on the porch outside of his house and almost immediately punched and tackled Joe. He claimed that John Sr. was much bigger than Joe and acted as if he were drunk or high on drugs at the time. As the fight between John Sr. and Joe continued, Towner started to leave but heard John Jr. move inside the house. Towner turned around and saw John Jr. pull a gun on him while also running toward him. Towner pulled his gun out while running away from John Jr. before firing several shots at him. After seeing John Jr. fall, Towner turned 90 degrees and saw John Sr. on top of his friend, "punching him out." So Towner shot one bullet at John Sr. After being shot, John Sr. fled the scene. Towner did not continue to shoot at that point because he no longer believed that John Sr. was a threat.

The district court instructed the jury on the lesser included offenses of voluntary and involuntary manslaughter for the second-degree murder charge related to John Jr. The instructions stated that to prove voluntary manslaughter, Towner must have knowingly killed John Jr. "upon an unreasonable but honest belief that circumstances existed that justified deadly force in defense of a person." Involuntary manslaughter required proof that Towner killed John Jr. "during the commission of a lawful act in an unlawful manner." The district court also instructed the jury that Towner claimed that he acted in self-defense and provided an instruction defining self-defense. But the district court refused to provide an instruction on defense-of-another, finding that instruction factually inappropriate.

3

The jury convicted Towner of voluntary manslaughter and attempted second-degree intentional murder, but it acquitted him of first-degree felony murder and attempted aggravated robbery. Towner moved for a departure sentence, but the district court denied that motion and sentenced Towner to a controlling sentence of 168 months' imprisonment.

Towner appealed, raising multiple issues. This court rejected each of Towner's appellate claims and affirmed his convictions. The panel found that the district court's immunity decision was supported by substantial competent evidence. The panel noted that the district court made a negative credibility finding against Towner's testimony and that uncontroverted evidence showed that Towner instigated the incident at John Sr.'s home. *Towner*, 2021 WL 2633005, at *5-7. The panel also agreed that an instruction on defense of another was not factually appropriate under the circumstances, but even if appropriate, any error in failing to give the instruction was harmless. 2021 WL 2633005, at *8-9. The panel also rejected Towner's arguments that some of the State's trial exhibits were too graphic and should have been excluded, finding the pictures were relevant, not cumulative, and not unduly prejudicial. 2021 WL 2633005, at *10-12.

After unsuccessfully petitioning for review, Towner filed the pro se K.S.A. 60-1507 motion underlying this appeal. Read liberally, that motion raised nine claims:

- The district court erred in denying Towner's motion for self-defense immunity;
- the district court was required to give a jury instruction on defense of another;
- the district court erred in admitting graphic pictures at trial over Towner's objection;
- defense counsel, George Gomez, was ineffective and the district court erred in not removing him as appointed counsel against Towner's requests for his removal;
- each of Towner's appointed attorneys provided ineffective assistance of counsel because none of them "fully understood" his self-defense immunity claim;

- appellate counsel was ineffective for failing to emphasize on appeal that the State conceded in its appellate brief that insufficient evidence supported his attempted second-degree murder conviction;

- trial counsel was ineffective for allowing the coroner, Dr. Charles Glenn, to provide expert testimony regarding John Jr.'s death and for failing to argue that John Jr. was in the hospital for 30 days before he died, so negligent hospital staff may have caused his death;

- trial counsel was ineffective for, presumably, failing to object when the district court incorrectly told the jury that Towner was charged with illegal possession of a firearm after the charge was dismissed; and

- trial counsel provided ineffective assistance at sentencing by failing to object to his stated criminal history score of C, because his actual criminal history score was E.

The district court initially dismissed Towner's motion as untimely under K.S.A. 60-1507(f). The district court also found that Towner did not make a colorable claim of actual innocence or explain why his motion was untimely. Towner moved to reconsider, arguing he had tried to file his motion several times earlier but the district court clerk had rejected each filing based on technical paperwork errors, including his failure to file a notarized financial affidavit. The district court granted Towner's motion to reconsider and reviewed the merits of his claims.

The district court held no hearing on Towner's motion but summarily denied his claims based on a review of the motion, files, and record. It determined that Towner had already raised in his direct appeal his claim about self-defense immunity. The district court also found Towner's arguments about trial and appellate counsel's alleged ineffectiveness were vague and conclusory. The record also refuted Towner's arguments regarding his criminal history score. As for Towner's assertion that the district court had incorrectly told the jury that Towner was charged with illegal possession of a firearm, the

5

district court reviewed this as a claim of prosecutorial error. The district court found that Towner failed to prove reversible error because he did not dispute the truthfulness of the statement or explain how the statement prejudiced his defense.

Towner appealed the district court's summary denial of his 60-1507 motion and the court appointed him appellate counsel.

*Issues Already Decided by This Court*

In his first three arguments, Towner claims the district court erred by: (1) denying his self-defense immunity claim; (2) failing to instruct the jury on defense of another; and (3) admitting several photographs as State's exhibits at trial. But this court already considered the merits of these arguments on Towner's direct appeal and denied him relief on these same grounds. See *Towner*, 2021 WL 2633005. The district court thus properly found that Towner was not entitled to additional review or relief based on these arguments.

*Ineffective Assistance of Trial and Appellate Counsel*

Most of Towner's arguments in his 60-1507 motion challenge the effectiveness of his trial and appellate counsel. The State responds that Towner does not brief these arguments on appeal, so he has effectively waived or abandoned them. We agree. See *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021). Towner's appellate brief addresses only one claim raised in his motion—that the district court should have held a preliminary hearing on his argument that his trial counsel was ineffective for failing to object when the district court incorrectly told the jury that Towner was charged with illegal possession of a firearm. We thus address the merits of solely that claim.

6

*Standard of Review and Basic Legal Principles*

A K.S.A. 60-1507 motion is a procedure prisoners may use to challenge their conviction or sentence. *Denney v. Norwood*, 315 Kan. 163, 172, 505 P.3d 730 (2022). To succeed under a K.S.A. 60-1507 claim, the movant must establish by a preponderance of the evidence either: (1) "the judgment was rendered without jurisdiction"; (2) "the sentence imposed was not authorized by law or is otherwise open to collateral attack"; or (3) "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 60-1507(b); Supreme Court Rule 183(g) (2025 Kan. S. Ct. R. at 238).

A district court has three options when handling a K.S.A. 60-1507 motion. First, it can find that the motions, files, and case records conclusively show that the movant is not entitled to any relief and summarily deny the motion. Second, it can find a potentially substantial issue and order a preliminary hearing to explore the matter. Finally, the court may determine from the motion, files, records, or preliminary hearing that a substantial issue warrants a full evidentiary hearing. *State v. Adams*, 311 Kan. 569, 577-78, 465 P.3d 176 (2020). The district court here used the first option, while Towner contends it should have used the second or third.

When, as here, the district court summarily denies a movant's K.S.A. 60-1507 motion, this court exercises unlimited review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *State v. Vasquez*, 315 Kan. 729, 731, 510 P.3d 704 (2022). This is because an appellate court is in the same position as the district court to determine whether the motion, files, and record show that the movant is entitled to relief. See *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). "'A movant has the burden to prove his or her K.S.A. 60-1507 motion warrants an evidentiary hearing; the movant must make more than conclusory contentions and must state an evidentiary basis in support of the claims or an evidentiary

7

basis must appear in the record.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

*Erroneous Statement to the Jury*

Towner's brief challenges a statement that the district court made to the jury shortly before trial. Towner claims that the district court analyzed this argument incorrectly and that he was entitled to at least a preliminary hearing on this issue.

Just before voir dire, the district court addressed the panel of potential jurors and listed the crimes Towner faced. When the district court summarized those charges, it included criminal possession of a firearm. But that charge had been dismissed before trial. Shortly after the district court made this erroneous statement to the jury pool, the State informed the district court of its error. The district court then notified the potential jurors of the mistake and clarified that "[Towner was] not charged with criminal possession of a firearm." Although the parties discussed other matters related to firearms generally, the district court's incorrect statement was not repeated or brought up again.

Towner alleged this error occurred during the opening statement. The district court found that because a trial court does not make an opening statement, Towner presumably intended to argue that the error occurred during the prosecutor's opening statement. The district court thus reviewed the record for prosecutorial error. The district court rejected the claim, finding Towner did not challenge the truthfulness of the statement and had previously been convicted of illegally possessing a firearm. The district court also found that if Towner intended to raise this claim as an ineffective assistance of counsel argument, counsel was not ineffective for failing to object to the statement because there was no basis for an objection.

8

On appeal, Towner claims that the district court incorrectly considered his argument as a claim of prosecutorial error and improperly found he had illegally possessed his firearm when he shot John Jr. and John Sr. He argues that the district court must not have reviewed the relevant portion of the record where the incorrect statement was made, and an appropriate review of the record shows that at least a preliminary hearing is warranted.

But even if the district court erred by analyzing this claim of error as prosecutorial error, we affirm the district court's ruling regardless of the court's arguably flawed reasoning. See *State v. Smith*, 309 Kan. 977, 986, 441 P.3d 1041 (2019) ("'[T]he trial court will not be reversed if it is right, albeit for the wrong reason.'") (quoting *State v. Reid*, 286 Kan. 494, 510, 186 P.3d 713 [2008]), *abrogated on other grounds by State v. Hopkins*, 317 Kan. 652, 537 P.3d 845 (2023). Towner shows no grounds for a hearing. Our review of the relevant portion of the record where the incorrect statement was made shows that the district court corrected its error shortly after making it, and the statement was not repeated. The State neither asserted at trial that Towner was prohibited from possessing a firearm nor tried to refute Towner's testimony that he possessed his firearm legally.

Nor does Towner show any prejudice flowing from these events. Towner argues that the district court's statement adversely affected the outcome of the trial. In support, his motion references the prosecutor's statement during sentencing that "Towner got the benefit of a compromised verdict in this case, based on a lot of different factors." But Towner fails to show that this statement suggests any prejudicial error during trial. Instead, read in context, the statement referenced Towner's favorable verdict to support the prosecutor's argument that Towner was not entitled to a lenient sentence.

Towner emphasizes that because he filed his 60-1507 motion as a pro se litigant, we must liberally construe his pleading. We agree, and we do so here, yet a pro se

movant still bears the burden to allege facts sufficient to warrant a hearing on the motion. *Mundy v. State*, 307 Kan. 280, 304, 408 P.3d 965 (2018) (citing *State v. Andrews*, 228 Kan. 368, 370, 614 P.2d 447 [1980]). And "'mere conclusions of the defendant or movant are not sufficient to raise a substantial issue of fact when no factual basis is alleged or appears from the record.' *State v. Jackson*, 255 Kan. 455, 463, 874 P.2d 1138 (1994)." *Mundy*, 307 Kan. at 304. And Towner has had the benefit of appellate counsel in this appeal of his motion. Still, Towner fails to meet his burden.

We thus affirm the district court's summary denial of this motion.

Affirmed.