No. 64,215

STATE OF KANSAS, *Appellee,* v. DONALD NUNN, *Appellant.*

(802 P.2d 547)

Opinion filed December 7, 1990.

*Thomas Jacquinot,* assistant public defender, argued the cause, and *Steven R. Zinn,* deputy public defender, was with him on the brief for appellant.

*Thomas J. Robinson,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Nola Foulston,* district attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, C.J.: Donald L. Nunn was convicted on March 27, 1987, of four counts of indecent liberties with a child (K.S.A. 21-3503[1][a] and [b]) and three counts of aggravated criminal sodomy (K.S.A. 21-3506[a]). Those convictions were upheld in his first appeal (*State v. Nunn,* 244 Kan. 207, 768 P.2d 268 [1989]), hereafter *Nunn I;* however, the case was remanded for correction of the sentence imposed upon one count of aggravated criminal sodomy. The defendant now appeals, contending error in the trial court's rulings in denying two post-appeal motions.

The facts are set forth in detail in *Nunn I* and will only be partially repeated.

"Donald L. Nunn and his wife Michelle were married on July 11, 1986, a few days after her eighteenth birthday. They had been living together since July 1984. Michelle's younger sister, C.P., often spent the night at the home of Michelle and the appellant. Young friends of C.P. and Michelle also frequently stayed the night there. The appellant supplied the girls with alcoholic beverages. C.P. and the other girls also took drugs while visiting there.

"C.P. and three of her friends, T.A., J.P., and D.E., are the complaining witnesses in this case. Each girl testified at trial to various incidents of sexual abuse committed upon her by the appellant in his home. The four girls ranged in age from 10 to 14 at the time of the alleged offenses. Each testified that she had been awakened during the night to find the defendant touching her vaginal area with his finger, his mouth, his tongue, or his penis.

"The State also presented two witnesses who, as children, had been the victims of indecent liberties perpetrated by the appellant in 1979. . . .

"The complaint/information charged appellant with indecent liberties with a child in Counts I, III, IV, and VI, alleging sexual intercourse with C.P., T.A., D.E., and J.P. Counts II, V, and VII charged appellant with aggravated criminal sodomy involving C.P., D.E., and J.P.

. . . .
"The appellant testified in his own behalf, denying each of the allegations and contending that the four alleged victims were lying. The defense presented other witnesses who lived at the Nunn residence at various times during the late spring and summer of 1986, each of whom testified that he or she had not seen or heard anything appearing to be acts of sexual molestation by the appellant.

"The jury returned a verdict of guilty on each of the seven counts." 244 Kan. at 209-10.

Michelle Nunn testified as a witness for the defendant, recanting previous statements she had made to police officers, and attempted to absolve the defendant of any wrongdoing. She testified that she had lied to the police when she implicated the defendant in the crimes charged and stated she did so because she was mad at him at the time and also because she was "messed up on drugs real bad."

Because of the prior convictions in 1979, the district court invoked the Habitual Criminal Act. The district court ordered concurrent sentences on the multiple counts regarding each child and then ran the sentences for each child consecutively with the sentences involving the other children. Thus, defendant was sentenced to a controlling term of 100 years to life.

On March 15, 1989, after our decision in his first appeal, defendant filed a motion to modify his sentence. On March 17, 1989, the trial court held a hearing and denied the motion to modify. The court also resentenced defendant on Count VII, complying with our mandate in *Nunn I*. In resentencing defendant, the trial court followed its earlier procedure. The result was a controlling sentence of 80 years to life. Defendant was represented at the hearing on the motion to modify the sentence and at the resentencing by an assistant public defender.

The first issue is whether the district court abused its discretion in failing to modify defendant's sentence. At the hearing, defense counsel sought a controlling sentence of 15 years to life, calculated by removing invocation of the Habitual Criminal Act and running all sentences concurrent. Counsel contended that modification was necessary to give Nunn, then 52 years old, hope of returning to society. On appeal, counsel admits that the sentence imposed is within the statutory limits; however, counsel claims that setting the minimum controlling term at 80 years is oppressive and con-

stitutes an abuse of discretion. We have consistently held: "A sentence imposed will not be disturbed on appeal if it is within the limits prescribed by law and the realm of trial court discretion and not a result of partiality, prejudice, oppression, or corrupt motive." *State v. Gibson*, 246 Kan. 298, Syl. ¶ 4, 787 P.2d 1176 (1990). The same rule applies to sentences enhanced pursuant to the Habitual Criminal Act. See *State v. Trotter*, 245 Kan. 657, Syl. ¶ 8, 783 P.2d 1271 (1989).

Defendant contends that a minimum controlling sentence of 80 years is oppressive because it eliminates any possibility of parole before his death and provides no incentive for rehabilitation. This argument, however, ignores that nothing in our statutes or case law guarantees a criminal defendant the possibility of parole or indicates that the length of sentence alone will justify a finding of abuse when the sentence imposed is within the statutory limits.

The duty of a trial court in sentencing is expressed in K.S.A. 21-4601 and K.S.A. 21-4606. K.S.A. 21-4601 "contemplates that the sentencing court shall give consideration not only to the 'individual characteristics, circumstances, needs and potentialities' of an individual defendant, but also 'to the needs of public safety' and the protection of the general public." *State ex rel. Stephan v. Clark*, 243 Kan. 561, Syl. ¶ 5, 759 P.2d 119 (1988). K.S.A. 21-4606 enumerates the factors the trial court is obligated to consider "in fixing the minimum term of imprisonment." *State v. Buckner*, 223 Kan. 138, 146, 574 P.2d 918 (1977).

The factors under K.S.A. 21-4606 encompass the following:

"(a) The defendant's history of prior criminal activity;

"(b) The extent of the harm caused by the defendant's criminal conduct;

"(c) Whether the defendant intended that his criminal conduct would cause or threaten serious harm;

"(d) The degree of the defendant's provocation;

"(e) Whether there were substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;

"(f) Whether the victim of the defendant's criminal conduct induced or facilitated its commission;

"(g) Whether the defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained."

An application of the facts of this case to the factors set forth in K.S.A. 21-4606 reveals the factors were unfavorable to the

defendant. Additionally, the record shows the trial court conscientiously considered and applied K.S.A. 21-4601 and K.S.A. 21-4606 in reaching defendant's minimum sentence.

The trial judge stated:

"In imposing sentence I'm considering the following factors: That Mr. Nunn's criminal behavior caused serious psychological harm to the girls that were involved; that he had to contemplate that his criminal conduct would cause serious harm to them; that Mr. Nunn was not acting under any strong provocation; that there are not substantial grounds tending to excuse or justify Mr. Nunn's criminal conduct.

"I'll find that Mr. Nunn's criminal conduct was neither induced nor facilitated by someone other than himself but the contrary is shown by the evidence; that he facilitated the commission of these crimes by providing these girls with alcoholic beverages. I have no reason to believe that Mr. Nunn is in a position to ever compensate the victims for the damage that they have sustained.

"I find that Mr. Nunn has a very long history of prior criminal activity; that he has not led a law-abiding life for any substantial period of time for the past twenty years; that Mr. Nunn's criminal conduct was the result of circumstances which are likely to reoccur; that society needs to be protected from Mr. Nunn; that Mr. Nunn's character and attitudes are such that it's obvious to me and obvious to anyone who reads the presentence investigation that he is likely to commit other acts of this nature.

"I'll find that imprisonment of Mr. Nunn is going to entail hardship on his dependents but that society needs to be protected in spite of those hardships. I find that Mr. Nunn has a physical condition; that I find that that physical condition will not be endangered by his being incarcerated."

The fact that the minimum sentence imposed by a trial court exceeds the life expectancy of the defendant has never been grounds, per se, for a finding that the sentence is oppressive or constitutes an abuse of discretion. The defendant has failed to show any abuse of discretion by the trial court and no partiality, prejudice, oppression, or corrupt motive is demonstrated in the court's sentencing of the defendant. The issue lacks merit.

The defendant's next issue is framed as being whether the trial court erred in failing to appoint counsel to prepare and present defendant's motion for new trial but also includes an allegation concerning the denial of the motion for new trial.

On April 14, 1989, defendant filed a pro se "Motion for New Trial Based on Newly Discovered Evidence, Suppression of Evidence During Criminal Trial, and In-Effective Counsel." In his motion, he requested time to obtain affidavits and evidence and

a hearing extension "to allow the order of appointment of counsel."

In the motion, the defendant, in alleging newly discovered evidence, stated:

"Plaintiff seeks a hearing of his motion based upon the facts in support, as hereinafter stated; Mrs. Kimberly Jenkins and Miss Becky DeHoff will be subpoenaed to testify that Mrs. Michelle L. Nunn made statements to them which they later related to Miss Valorie Tinker and Marc Ussery, that she helped her sister and friends frame and set up Donald L. Nunn and therefore caused his conviction of the predicated offenses."

He also alleged that evidence had been suppressed by the State, that defense counsel had failed to introduce evidence which defendant wanted introduced, and that defense counsel had refused to ask a number of questions which defendant wanted asked. These latter complaints could and should have been presented in a motion for new trial pursuant to K.S.A. 22-3501(1).

The trial court denied the motion for new trial based on suppression of evidence and ineffective counsel, both on the merits and on a lack of jurisdiction, finding the motion was not filed within the 10-day time limit of K.S.A. 22-3501(1), and thus the court had no jurisdiction to entertain these claims. In ruling upon the claims of suppression of evidence and ineffective assistance of counsel, the trial court, in its written order, stated:

"The defendant's claims for a new trial based on the State's suppression of evidence and ineffective assistance of counsel were filed well beyond the 10 day limit set out in K.S.A. 22-3501(1); therefore, this court is without jurisdiction to consider these claims. In any event, the claims are without merit. First, the defendant has failed to identify what evidence was allegedly suppressed by the State. Second, "[t]he decisions on what witnesses to call, whether and how to conduct cross-examination, what jurors to accept or strike, what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client." Winter v. State, 210 Kan. 597, Syl. ¶ 2, 502 P.2d 733 (1972). Further, considering all of the evidence presented against the defendant, the result of the trial probably would not have been different if trial counsel would have introduced the evidence noted in the defendant's motion; therefore, the defendant's claim of ineffective assistance of counsel must fail. See Chamberlain v. State, 236 Kan. 650, 655, 694 P.2d 468 (1985)."

We have again reviewed the entire record in this case, and a careful reading of the trial transcript convinces us that the trial

court did not err in its conclusion on these issues. Regardless of the jurisdictional issue, the claims of suppression of evidence and ineffective assistance of counsel, when considered on their merits, would appear to lack merit.

We now turn to the area of newly discovered evidence and the determination by the trial court that it was not necessary to appoint counsel for the purposes of defendant's motion. The trial court in its written order, after considering the factual allegations of the motion, ruled that the appointment of counsel was not required and declined to appoint counsel, relying on *State v. Andrews*, 228 Kan. 368, 614 P.2d 447 (1980). The court then denied the motion for appointment of counsel and the motion for a new trial.

The rules applicable to appointment of counsel on new trial motions were stated by this court in *State v. Andrews*, 228 Kan. 368:

"The customary motion for a new trial which must be filed within ten days under K.S.A. 22-3501 and which is principally for the purpose of calling to the attention of the trial court alleged trial errors is a stage of the criminal proceedings within the purview of K.S.A. 1979 Supp. 22-4503, and counsel must be provided to an indigent defendant for the purposes of such a motion." Syl. ¶ 3.

"There is no statutory or constitutional requirement that counsel be appointed for an indigent defendant at each and every post-trial motion seeking a new trial on grounds of newly discovered evidence." Syl. ¶ 5.

"The determination of whether counsel should be appointed to represent an indigent defendant on successive post-trial motions based upon alleged newly discovered evidence rests within the sound discretion of the trial court." Syl. ¶ 6.

The defendant seizes upon the words "successive post-trial motions based upon alleged newly discovered evidence" to distinguish the present case from *Andrews* based upon the facts of the two cases. Defendant points out that in *Andrews* the defendant had filed two previous motions based upon alleged newly discovered evidence at which he did have counsel, while in the present case, this is the first motion filed upon the grounds of newly discovered evidence. While syllabus ¶ 6 of *Andrews* does refer to successive motions, the court's rationale was clearly expressed in the opinion. We reviewed at some length the constitutional right to the appointment of an attorney as developed

by numerous decisions of the United States Supreme Court, and it is clear that there is no constitutional right to counsel at each and every post-conviction proceeding or motion. We also reviewed the statutory requirements for the appointment of counsel and concluded: "We find no statutory mandate that requires the appointment of counsel at each and every post-trial motion seeking a new trial on the grounds of newly discovered evidence and such a decision rests within the sound discretion of the trial court." 228 Kan. at 377.

In *Andrews* we considered the procedure mandated by statute when an indigent defendant files habeas corpus proceedings or proceedings attacking his or her sentence under K.S.A. 60-1507. K.S.A. 22-4506 controls the appointment of counsel in such cases and provides in part:

"(b) If the court finds that the petition or motion presents substantial questions of law or triable issues of fact and if the petitioner or movant has been or is thereafter determined to be an indigent person as provided in K.S.A. 22-4504 and amendments thereto, the court shall appoint counsel from the panel for indigents' defense services or otherwise in accordance with the applicable system for providing legal defense services for indigent persons prescribed by the state board of indigents' defense services, to assist such person and authorize the action to be filed without a deposit of security for costs."

In our discussion of the statutory requirements for the appointment of counsel for indigent criminal defendants, we stated:

"It is clear that when an indigent defendant wishes to pursue a writ of habeas corpus or a motion attacking sentence pursuant to K.S.A. 60-1507, the district court is to examine the merits of the motion or petition and then make a decision as to whether the appointment of counsel is necessary.

"Thus it is obvious that our statutes provide that an indigent defendant is entitled to counsel at every stage of the pretrial proceedings and trial (K.S.A. 1979 Supp. 22-4503), on appeal (K.S.A. 1979 Supp. 22-4505) and in habeas corpus proceedings and motions attacking sentence under K.S.A. 60-1507. However, nothing in our statutes specifically covers the problem of post-conviction motions including motions for a new trial. We think it is clear that the customary motion for a new trial which must be filed within ten days under K.S.A. 22-3501 and which is principally for the purpose of calling to the attention of the trial court alleged trial errors is a stage of the criminal proceedings which falls within the purview of K.S.A. 1979 Supp. 22-4503, and counsel must be provided for the purposes of such a motion. *Are subsequent motions, filed after the ten-day period and frequently after an unsuccessful appeal, seeking a new trial on the grounds*

*of newly discovered evidence, also within the purview of the statute? We think not.*" 228 Kan. at 374-75. (Emphasis added.)

In *State v. Bryant,* 227 Kan. 385, 607 P.2d 66 (1980), the court was faced with an analagous set of facts. In *Bryant* the defendant had filed a motion for new trial based upon newly discovered evidence consisting of an alleged recantation of the testimony of a principal witness. The court held a preliminary investigation which actually included an appearance and examination of the recanting witness. The defendant was not present at the proceedings and asserted on appeal that his constitutional and statutory rights to confront the witnesses against him had been denied. In affirming the trial court's procedure, we stated:

"K.S.A. 22-3501 provides that the court on motion of defendant may grant a new trial to him if required in the interest of justice. That statute further provides that a motion for a new trial based on the ground of newly discovered evidence may be made within two years after final judgment. A motion for a new trial based on other grounds may be filed within ten days after the verdict or finding of guilty or within such further time as the court may fix. The issue presented here is whether the defendant is entitled to be present, as a matter of right, at a hearing on his motion for a new trial filed after the imposition of sentence, where the ground asserted is newly discovered evidence. We have concluded that the presence of the defendant at such a hearing is a matter resting within the sound discretion of the trial court.

". . . A motion for a new trial based upon newly discovered evidence, filed after the imposition of sentence, is comparable to the procedure provided under K.S.A. 60-1507. In proceedings under 60-1507, the trial court normally conducts a preliminary inquiry to determine whether the claims asserted in the motion are substantial, before granting a full evidentiary hearing and requiring the petitioner to be present." 227 Kan. at 390-91.

The court went on to state:

"We wish to emphasize we are not holding that a trial court has an unbridled discretion to deny a defendant an evidentiary hearing on a motion for a new trial based upon newly discovered evidence where there is substantial evidence to support the motion. We are simply holding that, under the circumstances of this case, the trial court did not abuse its discretion." 227 Kan. at 392.

While it would simplify matters for all courts and litigants if we were to adopt a bright-line rule that counsel be appointed for all post-trial motions, such a rule would not appear to be feasible or justified. Obviously, counsel should be appointed in

cases where the motion raises substantial questions of law or triable issues of fact requiring an evidentiary hearing, legal arguments, and/or briefs of the parties. It appears just as obvious that if the motion, whether or not it is the defendant's first based upon newly discovered evidence, fails to state any substantial issues of law or fact, or states sufficient facts to allow a determination based upon the motion itself, then appointment of counsel and the holding of a hearing would be unwarranted. We adhere to our prior rulings that the determination of whether to appoint counsel and hold a hearing on post-trial motions not filed "within 10 days after the verdict or finding of guilty, or within such further time as the court may fix during the 10-day period," is one best left to the sound discretion of the trial court considering all the circumstances of the particular case. If the trial court correctly determines from the pleadings and record that the motion raises no substantial questions of law or fact, then the refusal to appoint counsel and hold a hearing does not constitute an abuse of discretion.

"A new trial should not be granted on the grounds of newly discovered evidence unless the evidence is of such materiality as to be likely to produce a different result at a new trial. Further, the defendant bears the burden of proving the evidence could not with reasonable diligence have been produced at trial. Appellate review of an order denying a new trial is limited to whether the district court abused its discretion." *State v. Bird,* 244 Kan. 248, Syl. ¶ 1, 768 P.2d 284 (1989).

In the instant case the defendant seeks to attack the motives and testimony of his then wife, Michelle Nunn. The judge who ruled upon defendant's post-appeal motion for new trial was the same judge who presided at the trial, and he was thoroughly familiar with the evidence. The State's case at trial was substantial and consisted not only of the testimony of the four young victims and two prior victims of similar crimes perpetrated by the defendant, but also the testimony of various witnesses as to statements made by Michelle Nunn implicating her husband in the crimes.

At trial, Michelle Nunn appeared as a witness for the defendant. She recanted her prior statements and allegations in which she had implicated her husband and stated they were lies. It was obvious that the defendant and defense counsel knew she was

going to be a favorable witness and that she would recant her prior statements. If there had been any conspiracy by the witness and the victims to frame the defendant, there was ample opportunity for the defendant to have ascertained that evidence prior to trial and to elicit such testimony from the witness. The motion filed by defendant relies upon alleged hearsay statements attributed to Michelle Nunn, with no indication that the declarant would testify as to such statements. Michelle Nunn was thoroughly examined and cross-examined by counsel, and the court and jury were fully cognizant of her credibility. Had this alleged newly discovered evidence been presented, it is difficult to conclude the evidence would have produced a different result. Mrs. Nunn implied she helped frame appellant when she testified at trial that she lied in her statements to the police. In one of these statements she claimed she observed appellant molesting one of the victims.

In his direct appeal, Nunn challenged the sufficiency of the evidence on the counts relating to three of the four victims—Mrs. Nunn's sister and two of her friends—based upon the credibility of their testimony. In rejecting his claim, this court observed that defense counsel brought out inconsistencies in these witnesses' testimony in cross-examination, that the jury "was clearly made aware of the alleged inconsistencies in final argument," and that Detective Horn's testimony and other evidence corroborated much of the victims' testimony. *Nunn*, 244 Kan. at 220-21.

Assuming that the alleged newly discovered evidence could not with reasonable diligence have been obtained before trial, we conclude that it would not be likely to produce a different result at a new trial.

Finally, defendant presents the procedural argument that he was entitled to the appointment of counsel based upon the trial court "apparently" holding a hearing at which the State was represented. It is undisputed that the defendant was not given notice of the "hearing" nor was counsel appointed to represent him. This argument of the defendant may have merit.

The trial court's order denying Nunn's motion for new trial and appointment of counsel states in part:

"Now on this 5th day of May, 1989, *the defendant's motion for new trial comes on for consideration. The State of Kansas appears by and through its attorney*, Debra S. Byrd, Assistant Sedgwick County District Attorney. *There are no other appearances.*
· "THEREUPON, the court, *after being fully advised in the premises*, finds as follows: . . . . " (Emphasis added.)

The order continues with six paragraphs of findings, concluding that Nunn's pro se motion for a new trial and for appointment of counsel should be denied. The order filed with the court is signed and approved by the assistant district attorney.

In what may be considered a similar context—a motion to modify sentence—this court has held that the defendant should be represented by counsel, or should be present in person if pro se, when the trial court holds a hearing on the motion to modify and the State is represented. *State v. Pierce*, 246 Kan. 183, 199, 787 P.2d 1189 (1990); *State v. Buckland*, 245 Kan. 132, Syl. ¶ 8, 777 P.2d 745 (1989). We agree that the rule adopted in *Buckland* and *Pierce* would be applicable to the present case if a hearing on the motion was actually held and the State was represented. The only record we have as to whether the court held a hearing in which the State was represented is the journal entry which reflects that the defendant's motion came on for hearing, that the State appeared through counsel, and that the court was "fully advised in the premises." Based upon the record before us we cannot conclude that there was not a hearing. To the contrary, the court's journal entry and the extensive findings therein would indicate that a hearing was held and that the State was represented. If that is the case, the defendant should have been represented by counsel.

We conclude that this case must be remanded for further proceedings. If there was no hearing at which the State was represented and the court made its findings and orders based solely upon the pleadings and the record, the order of the court should reflect that fact. If a hearing on the motion for new trial was held and the State was represented, the order should be set aside and the defendant should have counsel appointed to represent him at a new hearing on his motion for new trial.

The judgment of the trial court denying the motion to modify sentence is affirmed. The case is remanded for further proceedings consistent with this opinion on the motion for a new trial.