(13 P.3d 13)

No. 83,646

RICHARD ARLEN MILLER, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed October 6, 2000.

*Sandra Carr*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

Boyd K. Isherwood, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before GERNON, P.J., MARQUARDT and BEIER, JJ:

MARQUARDT, J.: Richard Arlen Miller appeals the trial court's denial of his K.S.A. 60-1507 motions requesting sanctions and removal of an arrest charge from his record, and he objects to the assistant district attorney's drafting of the order denying his motions.

Miller was charged with aggravated burglary with the intent to commit a theft occurring on December 28, 1992. In the alternative, he was charged with aggravated burglary with intent to commit rape. At the preliminary hearing, B.E.A. testified that while she was home alone one evening, she heard glass breaking in her base-

ment. B.E.A. opened the basement door and saw a shadow. She heard footsteps and boxes being moved. A person's hand grabbed at the stair railing at the bottom of the stairs. B.E.A. locked the basement door, called 911, and went to a neighbor's house.

The police found Miller about a block away from B.E.A.'s residence with a large laceration to his lower right leg, blood on his sock and shoe, and glass fragments on his jacket. Blood samples taken from B.E.A.'s basement floor and the sidewalk at the back of B.E.A.'s residence matched the blood on Miller's sock and shoe.

After waiving his *Miranda* rights, Miller said that he cut his leg when he tripped over a barbed wire fence after leaving a bar. About 1 month later, Miller again waived his *Miranda* rights and advised the police that after drinking for a lengthy period, he decided to visit a friend who lived in the other half of B.E.A.'s duplex. Walker stated that he slipped on some ice as he walked up to his friend's back door and cut his leg when it went through the window.

Miller was bound over on the charge of aggravated burglary with intent to commit theft. The trial court dismissed the charge of aggravated burglary with intent to commit rape. Miller asked the trial court to strike the words "intent to commit a rape" from the complaint. The State advised the trial court that it could delete that reference by interlineation. The trial court decided that interlineation was not required because the journal entry of the preliminary hearing would suffice, and the jury would not see the complaint. Miller did not object to this decision.

Subsequently, Miller entered an *Alford* plea as to the charge of aggravated burglary with intent to commit theft. As part of the plea agreement, the State recommended a 4-to 10-year prison sentence and agreed not to seek imposition of the Habitual Criminal Act, K.S.A. 21-4504. During allocution, Miller admitted that he was under the influence of alcohol on the evening of the offense. He said that he could remember going to see a friend at the residence next door to B.E.A. and being in a basement. Miller denied any intent to commit a theft or felony. The trial court accepted Miller's plea and found him guilty. Miller was sentenced to imprisonment for a term of 4 to 10 years. Miller did not file a direct appeal of his criminal conviction.

In 1993, Miller filed two motions requesting that the trial court set aside his plea, alleging ineffective assistance of counsel. A hearing was held, and Miller appeared with his new counsel and withdrew the motions. In 1997, Miller filed a motion for conversion of his sentence, which was denied.

In 1998, Miller filed a 1507 motion to withdraw his plea, alleging malicious or discriminatory prosecution and manifest injustice. He also filed an amended motion to impose sanctions and remove the erroneous charge because of malicious prosecution and manifest injustice. In both motions, Miller requested an evidentiary hearing, sanctions against the prosecution, and "[removal of] the alleged charge of aggravated burglary with the intent to commit a rape from all documents that contain this erroneous information." On October 6, 1998, Miller also requested appointment of counsel.

The trial court did not hold a hearing on these motions or appoint counsel. The trial court denied Miller's motions, stating that Miller had not presented any substantial issues of law or triable issues of fact. It found that the motions were successive because Miller had previously filed a motion to withdraw his plea, which he withdrew. The record on appeal clearly shows that the trial court had a factual basis for accepting Miller's plea after hearing facts presented by the State which Miller agreed were "pretty accurate." The trial court stated that Miller was receiving a significant benefit in accepting the plea agreement by avoiding imposition of the Habitual Criminal Act. The trial court also found Miller's allegations conclusory and meritless. The order on these motions was prepared and submitted by the assistant district attorney. Miller timely appeals.

### Drafting of the Order by the Assistant District Attorney

Miller contends that under *State v. Nunn*, 247 Kan. 576, 802 P.2d 547 (1990), he was entitled to counsel and to be represented at a hearing. The factual similarity between *Nunn* and the instant case is that the district attorney drafted the order in both cases. In *Nunn*, the district attorney was present at a hearing and the defendant was not. In the instant case, there was no hearing. *Nunn* does not apply.

Miller argues that the trial court violated his due process rights and Supreme Court Rule 183(j) (1999 Kan. Ct. R. Annot. 197) by having the assistant district attorney prepare the order denying his motions. The order does not reflect that a hearing was held, and we do not believe that ordering the State's attorney to prepare the journal entry of judgment in a 60-1507 proceeding constitutes a hearing. The trial judge's signature on the order signifies that the findings and conclusions are those of the trial judge, not the assistant district attorney. However, in a proceeding under K.S.A. 60-1507, where the district judge decides not to grant a hearing and directs the State's attorney to draft the journal entry of judgment, the State's attorney is required to follow Supreme Court Rule 170 (1999 Kan. Ct. R. Annot. 191). If the movant is not represented by counsel, the State's attorney shall serve the movant with a copy of the draft of the journal entry. If having the assistant district attorney draft the order was error here, it was harmless for all the reasons cited below.

## Malicious or Discriminatory Prosecution

Miller claims that he filed his motions under K.S.A. 60-1507. However, he admits that the amended motion does not contest his plea or challenge his sentence. He also admits that a motion pursuant to K.S.A. 60-1507 is not the proper proceeding for seeking sanctions for malicious or discriminatory prosecution. Nevertheless, he argues that the trial court erred by not removing all references to the charge for burglary with intent to commit rape from his record. One of his alleged reasons for removal of the charge is that it could be used against him if he is later prosecuted under the Sexually Violent Predator Act, K.S.A. 59-29a01 *et seq.*

The State responds that dismissal of the charge of aggravated burglary with intent to commit rape does not prove malicious prosecution. We agree. If Miller wanted to file a malicious prosecution action, the time for such a filing was 1 year from the date of the dismissal. See K.S.A. 60-514(b). The State also contends that Miller's argument about the possibility of a subsequent proceeding under the Sexually Violent Predator Act was not raised to the trial court and should not be considered on appeal because considera-

tion of the issue would result in an advisory opinion. Miller's claim of malicious prosecution has no merit.

## Removal of Arrest Charge from Miller's Record

K.S.A. 60-1507 provides a civil action to challenge the validity of a sentence. It must be separately docketed and is exclusively for motions "to vacate, set aside or correct sentences." Supreme Court Rule 183(b) (1999 Kan. Ct. R. Annot. 197). Clearly, none of the relief requested in Miller's motions could be classified as vacating, setting aside, or correcting his sentence. Therefore, the issues are not properly brought under K.S.A. 60-1507.

Regardless of whether Miller's motions are considered as post-conviction proceedings in the criminal case or as civil proceeding pursuant to K.S.A. 60-1507, the appellate standard of review is the same where the trial court has made findings of fact and conclusions of law. First, we must determine whether the trial court's findings of facts are supported by substantial competent evidence. Second, we must determine whether the factual findings are sufficient to support the trial court's conclusions of law. This is a question of law and our review is unlimited. *State v. Ratley*, 253 Kan. 394, 398, 855 P.2d 943 (1993); *Taylor v. State*, 252 Kan. 98, 103, 843 P.2d 682 (1992).

The real issue here is whether the trial court correctly concluded that both motions were successive and not entitled to consideration again. We conclude that the trial court reached the correct decision that the motions were not entitled to consideration, but for the wrong reason. Because Miller's amended motion eliminated the language about withdrawing his plea, and neither motion requested the withdrawal of his plea to aggravated burglary with intent to commit a theft, Miller's amended motion was not a successive motion. It is curious that neither the trial court's ruling, nor the parties' arguments, address any statutory authority for the relief Miller sought, which was the deletion of the charge for aggravated burglary with intent to commit rape from his arrest record.

The legislature enacted K.S.A. 1999 Supp. 22-2410, which provides for expungement of arrest records, effective July 1, 1998. The statute mandates that notice be given to the prosecuting attorney

and the arresting law enforcement agency and that a hearing be held. Miller's motions were filed several months after the effective date of the expungement statute.

Miller did not cite K.S.A. 1999 Supp. 22-2410(b); however, it was clear he was alleging that no probable cause existed for the charge of aggravated burglary with intent to commit rape and that it should be deleted from his records. Expungement of the arrest record for aggravated burglary with the intent to commit rape should be pursued under K.S.A. 1999 Supp. 22-2410 and not under K.S.A. 60-1507.

A motion filed under K.S.A. 60-1507 does not entitle Miller to any of the relief requested in his motions. According to the record on appeal, the charge of aggravated burglary with intent to commit rape was dismissed in March 1993. Miller's motion to expunge his arrest record should have been brought under K.S.A. 1999 Supp. 22-2410.

Affirmed.