NOT DESIGNATED FOR PUBLICATION

No. 113,035

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CRAIG E. OLIVER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Osage District Court; PHILLIP M. FROMME, judge. Opinion filed April 8, 2016. Reversed and remanded with directions.

*Adam D. Stolte*, of Kansas Appellate Defender Office, for appellant.

*Brandon L. Jones*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., HILL and POWELL, JJ.

*Per Curiam:*  Because the district court failed to hold an evidentiary hearing in this K.S.A. 60-1507 case, we must remand the matter for further proceedings. Simply put, the record on appeal offers us no testimony to consider so we can determine if the attorney here provided effective assistance to his client. We reverse and remand for further proceedings.

1

*Oliver entered a guilty plea and received his sentence.*

The State charged Craig Oliver with several off-grid person felony crimes: aggravated indecent liberties with a child and two counts of rape of a child under 14 years of age. The State also brought charges of four counts of rape by force or fear, a severity level 1, person felony. Oliver pled guilty to one count of rape by force or fear and one count of aggravated sexual battery, a severity level 5, person felony. Oliver signed a plea advisory and indicated that he had received effective assistance of counsel. At the plea hearing, Oliver acknowledged that he understood the rights he was giving up by pleading guilty. The district judge asked Oliver if he was satisfied with his attorneys and Oliver stated that he was. On November 19, 2012, Oliver was sentenced to 199 months in prison with lifetime postrelease and lifetime sex offender registration. The district court advised Oliver he had a right to appeal. No notice of appeal was filed.

On July 22, 2013, and August 16, 2013, Oliver filed requests for copies of court records and transcripts. Oliver indicated he needed the records to pursue a K.S.A. 60-1507 petition. On August 21, the district judge wrote to Oliver in response to his requests. The judge indicated that the transcripts would "need to be reviewed by legal counsel to assist in handling your K.S.A. 60-1507" motion and that he would "rather appoint the appellate defender's office to represent you for a 60-1507 and let them decide what transcripts they need." Oliver agreed. In September, the district court appointed the appellate defender's office to represent Oliver. In October, Oliver wrote to the judge asking if counsel had been appointed so he would know how to proceed. The appellate defender's office wrote to Oliver acknowledging that it had been appointed and it was gathering information.

On December 4, the appellate defender's office requested removal from the case because the district court had no authority to appoint it because no notice of appeal had been filed. On December 10, the district court rescinded its order appointing counsel. In

January 2014, Oliver wrote to the district court again requesting records and questioned why the court rescinded appointment of counsel. Oliver continued to request records from the court in February and March. In March, Oliver filed a pro se motion for correction of an illegal sentence under K.S.A. 22-3504, challenging the constitutionality of his lifetime postrelease. In April, the district court summarily dismissed the motion because the constitutionality of his sentence could not be challenged via a K.S.A. 22-3504 motion.

In July 2014, Oliver filed the pro se K.S.A. 60-1507 motion that is the subject of this appeal. The State responded that the K.S.A. 60-1507 motion should be dismissed because it was filed out of time. The district court asked the State to prepare an order denying Oliver's motion. A short time later, the district court filed the State-prepared order denying Oliver's motion. The order indicated that the motion came before the court on August 18, 2014, Oliver did not appear, and the State appeared through counsel. On August 21, Oliver filed a motion to docket his K.S.A. 60-1507 motion out of time, contending that the district court's error in appointing the appellate defender's office to represent him in September 2013, rather than sending him the records he requested, caused the delay. Oliver filed a timely notice of appeal from the district court's denial of his K.S.A. 60-1507 motion.

Oliver contends that the district court violated his due process rights by holding a hearing on his K.S.A. 60-1507 motion in which he was not notified, present, or represented by counsel, but at which the State appeared by counsel. The State contends that no hearing occurred. Rather, the language in the court order that the State had prepared was drafted by mistake.

The district court order states:

3

"**ON** the 18th day of August, 2014, the above captioned matter came before the Court on the plaintiff's petition pursuant to K.S.A. 60-1507. The plaintiff is in the Kansas Department of Corrections and does not appear. The State of Kansas, plaintiff, appeared by and through, Brandon L. Jones, Osage County Attorney.

"The Court made the following findings on the issues raised by the plaintiff . . ."

There is no transcript of the hearing in the record.

K.S.A. 60-1507(b) provides:

"*Hearing and judgment*. Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the county attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. The court may entertain and determine such motion without requiring the production of the prisoner at the hearing. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence said prisoner or grant a new trial or correct the sentence as may appear appropriate."

Our Supreme Court has clarified that when a district court receives a K.S.A. 60-1507 motion, it may:

"(a) determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (b) determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held after appointment of counsel. If the court then determines there is no substantial issue, the court may deny the motion; or (c) determine from the motion, files,

4

records, or preliminary hearing that there is a substantial issue requiring an evidentiary hearing." *Sola-Morales v. State*, 300 Kan. 875, Syl. ¶ 1, 335 P.3d 1162 (2014).

In *State v. Nunn*, our Supreme Court held: "A defendant should be represented by counsel, or should be present in person if pro se, at post-conviction motions in which there is a hearing at which the State is represented by counsel." 247 Kan. 576, Syl. ¶ 8, 802 P.2d 547 (1990). Although a court "need not automatically hold a hearing or appoint counsel in all post-conviction matters, when a hearing is held 'at which the State will be represented, then due process of law does require that the defendant be represented unless the defendant waives the right to counsel.' [Citations omitted.]" *State v. Hemphill*, 286 Kan. 583, 596, 186 P.3d 777 (2008). A panel of this court applied that rule to a hearing on a K.S.A. 60-1507 motion in *Stevenson v. State*, No. 96,082, 2007 WL 438745, *2 (Kan. App. 2007) (unpublished opinion). In *Stevenson*, the district court held a hearing on movant's K.S.A. 60-1507 motion at which the State was represented, but the movant was neither present nor represented. At the hearing, the State was permitted to argue that the movant's motion should be barred because of the 1-year limitation, but the movant was not permitted to argue that the time limitation should be extended to prevent manifest injustice. The appellate panel called this a "textbook example of a procedural due process violation." *Stevenson*, 2007 WL 438745 at *2. Therefore, if there was a hearing on Oliver's K.S.A. 60-1507 motion, Oliver's due process rights were violated.

Here, the record is not conclusive on whether the district court held a hearing on Oliver's K.S.A. 60-1507 motion at all. The court's written order indicates there was a hearing, but there is no other record of the hearing. A similar problem occurred in *Nunn*. In *Nunn*, the trial court's written order denying the movant's motion for a new trial stated, in part:

"Now on this 5th day of May, 1989, the defendant's motion for new trial comes on for consideration. The State of Kansas appears by and through its attorney, Debra S. Byrd, Assistant Sedgwick County District Attorney. There are no other appearances.

5

"THEREUPON, the court, *after being fully advised in the premises*, finds as follows: . . ." 247 Kan. at 587.

The order contained six paragraphs of findings. The movant alleged that he was entitled to counsel at the "apparent" hearing. The only record as to whether the court held a hearing was that journal entry. Our Supreme Court held:

"Based upon the record before us we cannot conclude that there was not a hearing. To the contrary, the court's journal entry and the extensive findings therein would indicate that a hearing was held and that the State was represented. If that is the case, the defendant should have been represented by counsel." 247 Kan. at 587.

The court remanded and ordered that if there was no hearing, the order of the court should reflect that. And, if there was a hearing at which the State was represented, the order should be set aside. 247 Kan. at 587.

Here, although the district court's order contained three paragraphs of findings, the order contained similar language indicating that a hearing was held in which only the State was represented. There is nothing else in the record to judge whether or not a hearing occurred. Thus, consistent with *Nunn*, we must remand the case so the district court can clear up the confusion. If there was a hearing then, according to *Nunn*, counsel should have been appointed for Oliver. If there was no hearing, then the record must be clarified.

But there are further problems we must address.

*We address the 1-year filing limitation.*

Oliver contends that the district court should have considered the merits of his K.S.A. 60-1507 motion because the district court caused the delay in its filing, resulting

6

in manifest injustice. This may be true, but, again, the sparse record prevents us from deciding if it is true.

When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Sola-Morales v. State*, 300 Kan. at 881. Similarly, when the district court denies a K.S.A. 60-1507 motion based only on the motions, files, and records after a preliminary hearing, the standard of review is de novo. *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014). So, either way, the review in this case is de novo.

A defendant has 1 year from when a conviction becomes final to file a motion under K.S.A. 60-1507(a). K.S.A. 60-1507(f)(1). Oliver was sentenced on November 19, 2012. He had 14 days from that date to file a notice of appeal. See K.S.A. 2012 Supp. 22-3608(c); *State v. Ehrlich*, 286 Kan. 923, 925, 189 P.3d 491 (2008). Oliver did not file a notice of appeal or move for an extension of time to appeal. Appellate jurisdiction thus terminated on December 4, 2012. Oliver had until December 4, 2013, to timely file a K.S.A. 60-1507 motion. Oliver's motion was filed on July 17, 2014. Thus, Oliver's motion was untimely.

The 1-year time limitation for bringing an action under K.S.A. 60-1507(f)(1) may be extended by the district court only to prevent a manifest injustice. K.S.A. 60-1507(f)(2). A defendant who files a motion under K.S.A. 60-1507 outside the 1-year time limitation in K.S.A. 60-1507(f) and fails to assert manifest injustice is procedurally barred from maintaining the action. *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013).

The district court denied Oliver's K.S.A. 60-1507 motion without reaching the merits because it was filed more than 1 year after his conviction became final. The

7

district court found that Oliver did not affirmatively show "excusable neglect" to file his K.S.A. 60-1507 motion outside the 1-year time limitation. In failing to consider the merits of Oliver's motion, the district court applied the wrong standard. In *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014), the Kansas Supreme Court held that whether there is manifest injustice to extend the 1-year time limitation must be determined from the totality of the circumstances, including consideration of (1) the reasons for delay; (2) the merits of the movant's claims; and (3) a movant's claim of actual innocence. Thus, this court must consider factors that may show manifest injustice that the district court did not consider in its analysis. See *State v. Tran*, No. 110,475, 2014 WL 6676105, *3 (Kan. App. 2014) (unpublished opinion).

Oliver's K.S.A. 60-1507 motion did not explain why the motion was untimely. After the State filed its response contending that the motion was filed out of time, Oliver filed a motion to docket his K.S.A. 60-1507 motion out of time explaining why it was untimely. But, Oliver's motion was filed 1 day after the district court denied his original K.S.A. 60-1507 motion. Thus, the district court did not consider Oliver's motion to docket out of time in its decision.

The State contends that by filing the motion to docket out of time late, Oliver did not meet his burden of showing excusable neglect in a timely fashion. Oliver contends that the State did not comply with Supreme Court Rule 170 (2015 Kan. Ct. R. Annot. 264) in submitting its proposed order to the district court and, had it done so, Oliver's motion to docket out of time would have been filed before the district court issued its order.

Supreme Court Rule 170(b) provides:

"A party directed to prepare an order must, not later than 14 days after the court's direction, unless the court specifies a different time:

8

(1)      serve on counsel of record and unrepresented parties not in default for failure to appear a copy of:

         (A)      the proposed order; and

         (B)      a notice that, unless an objection is received not later than 14 days after service of the proposed order, the order will be filed with the court; . . ." 2015 Kan. Ct. R. Annot. 264.

The State admits that the court directed it to prepare an order denying Oliver's motion. The date that the court directed the State to prepare the order is unknown. But, because the State filed its response to Oliver's petition on August 8, 2014, and the district court issued its order 12 days later on August 20, it can be inferred that the State did not comply with Rule 170.

When a district court orders the State to draft an order in a proceeding under K.S.A. 60-1507, this court has held that the State's attorney is required to follow Supreme Court Rule 170. *State v. Bolden*, 28 Kan. App. 2d 879, 883, 24 P.3d 163 (2001); *Miller v. State*, 28 Kan. App. 2d 39, 42, 13 P.3d 13 (2000); *Bullock v. State*, No. 93,637, 2006 WL 1460596, at *3 (Kan. App. 2006) (unpublished opinion). In *Bolden*, the issue was deemed moot because the court remanded for an evidentiary hearing. 28 Kan. App. 2d at 883. In *Miller*, the court determined that the State's error was harmless because the movant was not entitled to relief on the merits under K.S.A. 60-1507. 28 Kan. App. 2d at 42-44. In *Bullock*, the court remanded the case because the district court failed to make findings on the appellant's ineffective assistance of counsel claims and, thus, the court could not perform an adequate review of the claims nor decide whether the Rule 170 violation was prejudicial. 2006 WL 1460596, at *4. From these cases, it can be discerned that a Rule 170 violation is harmless if the appellant's claims were meritless and possibly prejudicial if the appellant's claims against the district court's findings of facts, conclusions of law, or the order itself had merit. See *Miller*, 28 Kan. App. 2d at 42-44; *Bullock*, 2006 WL 1460596, at *4.

9

Oliver essentially contends that the Rule 170 violation in his case was prejudicial because the district court would have considered his timeliness arguments not raised in his K.S.A. 60-1507 motion if his motion to docket out of time had been received before the district court's order was filed. However, Oliver's argument is flawed. The purpose of Rule 170 is not to allow the parties to raise new arguments after the district court has announced its ruling—rather, the purpose of requiring the drafting party to submit its proposed order to the other party is to ensure the district court's ruling is memorialized correctly. In *Lyndon State Bank v. Price*, 33 Kan. App. 2d 629, 631-32, 106 P.3d 511 (2005), this court explained:

> "In some cases the court can easily draft its own judgment form in conformity with K.S.A. 60-258. In other cases it is more efficient for the lawyers to draft the journal entry that memorializes the court's judgment. It is clear that Supreme Court Rule 170 is designed to facilitate this latter situation. Thus, when the court has ruled on a matter, it can assign the task of preparing the journal entry to one party's attorney. The designated drafting attorney then submits a proposed draft to opposing counsel and thereby places the burden on opposing counsel to object within 10 days. If no objection is raised, the drafting counsel can submit the proposed journal entry to the court for signature and filing. If there are conflicting views on the appropriate language for memorializing the court's judgment, then the issue is submitted to the court for a final resolution. But in any event, the rule applies to the preparation of journal entries that memorialize judgments that have already been ordered by the court."

That said, *Miller* and *Bullock* assessed harmlessness in relation to the merits of the appellants' claims and the district courts' findings of fact and conclusions of law. 28 Kan. App. 2d at 42-44; 2006 WL 1460596, at *4.

Moreover, a movant's failure to plead

> "other reasons why the imposition of the 1-year time limitation is a manifest injustice is not necessarily fatal to the movant's claim. But because the burden is on the movant in a

10

60-1507 action, failing to plead excuses for the filing delay may result in a greater risk that the movant's claim will be dismissed as untimely." *Vontress*, 299 Kan. at 617.

Here, the district court should have also considered the merits of Oliver's K.S.A. 60-1507 motion even though he did not give a reason for the delay in filing.

The 1-year time limitation for bringing an action under K.S.A. 60-1507(f)(1) may be extended by the district court only to prevent a manifest injustice. K.S.A. 60-1507(f)(2). Manifest injustice means "obviously unfair" or "shocking to the conscience." Manifest injustice must be determined from the totality of the circumstances. In determining whether manifest injustice exists, the court should consider this nonexhaustive list of factors: (1) whether the movant provides persuasive reasons or circumstances that prevented him or her from filing the K.S.A. 60-1507 motion within the time limitation; (2) whether the merits of the movant's claims raise substantial issues of law or fact deserving the district court's consideration; and (3) whether the movant sets forth a colorable claim of actual innocence, *i.e.*, factual, not legal, innocence. See *Vontress*, 299 Kan. at 616. Oliver does not argue actual innocence.

If considered, Oliver's claim that the district court's own action contributed to the late filing of his K.S.A. 60-1507 motion has some merit. We note the district court, for some reason, advised Oliver that counsel would be needed to assist him in filing a K.S.A. 60-1507 motion. Then the district court erred when it appointed the appellate defender's office. By the time that Oliver was told he was not being represented by the appellate defender's office, the time to file his K.S.A. 60-1507 motion had expired.

Oliver made a series of ineffective assistance of counsel arguments in his K.S.A. 60-1507 motion. On appeal, Oliver summarized his claims as follows: trial counsel did not (1) effectively investigate facts, (2) interview witnesses, (3) procure a sex offender

11

evaluation, (4) discuss exculpatory evidence, and (5) properly advise him of his right to appeal.

We focus on one of those claims—improper advice about his right to appeal. The record shows that the district court did advise Oliver at sentencing that he had the right to appeal. But, Oliver claims that his attorney advised him that he could not appeal because he pled guilty, depriving him of the appeal he wanted to file and violating his right to effective assistance of counsel. See *Roe v. Flores-Ortega*, 528 U.S. 470, 484, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000). When an appellant contends that his attorney failed to file or perfect a direct appeal, the appellant need not show the appeal would have successful, but only that he would have appealed had he received effective assistance of counsel. *State v. Patton*, 287 Kan. 200, 223-24, 195 P.3d 753 (2008). Because there was no evidentiary hearing below, this court does not have any testimony to consider to determine whether the attorney provided effective assistance. Under K.S.A. 60-1507 and Supreme Court Rule 183 (2015 Kan. Ct. R. Annot 271), the district court must conduct an evidentiary hearing unless the motion, files, and records of the case conclusively show that the petitioner is not entitled to relief. *Bellamy v. State*, 285 Kan. 346, 357, 172 P.3d 10 (2007). There are not sufficient facts in the record to establish what advice Oliver received from his attorney in regards to an appeal.

We reverse and remand this case to the district court so it can appoint counsel for Oliver and conduct an evidentiary hearing on the record on the K.S.A. 60-1507 claims he has made.