No. 64,965

STATE OF KANSAS, *Appellee*, v. GARY MCDANIEL, *Appellant.*

(819 P.2d 1165)

Opinion filed October 25, 1991.

*Steven R. Zinn*, deputy appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the brief for appellant.

*Debra Byrd Wagner*, assistant district attorney, argued the cause, and *Alisa M. Arst*, assistant district attorney, *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Gary McDaniel appeals from the trial court's denial of his post-appeal motion to modify his sentence. McDaniel

contends (1) he is entitled to bring this appeal and (2) the trial court abused its discretion in failing to modify his sentence.

In 1986, McDaniel was convicted of five counts of rape, five counts of aggravated burglary, four counts of aggravated kidnapping, and two counts of aggravated criminal sodomy. There were five victims and the crimes occurred over an eight and one-half month period. The trial court sentenced McDaniel to a controlling term of 4 consecutive life sentences, to be followed by a term of not less than 15 nor more than 40 years. Sentence was imposed under the Habitual Criminal Act, K.S.A. 1987 Supp. 21-4504, because of a prior felony conviction. The trial court found that a firearm was used in nine of the counts and that the mandatory minimum sentence required by K.S.A. 1987 Supp. 21-4618 applied to the sentences for those counts.

McDaniel filed a motion to modify his sentence after this court affirmed his convictions in case No. 59,821, an unpublished opinion filed February 19, 1988. Without appointing counsel to represent the defendant, the trial court, on the basis of an adverse report from the State Reception and Diagnostic Center (SRDC) and the "Court's memory of evidence," summarily denied McDaniel's motion to modify his sentence.

On November 15, 1989, McDaniel filed a pro se notice of appeal from his convictions, sentences, and "[a]ll rulings made by the Court during the course of the trial and all pretrial rulings made by the Court adverse to the Defendant." On March 14, 1990, long after the 130-day time limit for filing an appeal, McDaniel, through the appellate defender, filed a supplemental notice of appeal as to all of the adverse rulings of the trial court, including the court's denial of his motion to modify sentence.

Due to the apparent untimeliness of the notice of appeal, we issued an order to show cause why McDaniel's appeal should not be dismissed for lack of jurisdiction. In response to the show cause order, McDaniel alleged that he was not advised by the district court or his retained attorney of his right to appeal from the denial of his motion to modify sentence.

The case was remanded to the trial court for a determination of whether McDaniel was informed of his right to appeal from the denial of his post-appeal motion to modify sentence, whether he was furnished an attorney to perfect such an appeal, or

whether he was furnished an attorney for that purpose who failed to perfect the appeal. Remand was entered pursuant to *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982).

The district court held two hearings. At the first hearing on July 5, 1990, McDaniel's trial attorney, Charles O'Hara, stated he did not have any recollection of telling anyone that McDaniel could appeal the trial court's refusal to modify his sentence. O'Hara said he did not remember if he told anyone; he just could not remember.

The district court noted there was no need to furnish an attorney to perfect an appeal because McDaniel already had retained counsel. The trial judge asserted that it was irrelevant whether McDaniel knew of his right to appeal because the outcome of such an appeal would not alter the court's ruling on the motion to modify. The trial court found there was no necessity for perfecting a meritless appeal from the denial of the post-appeal motion to modify sentence.

On July 10, 1990, the trial court reversed its findings sua sponte and appointed local counsel to represent McDaniel to determine whether further hearing was needed. At the second hearing, on October 10, 1990, the only evidence presented were affidavits of McDaniel and O'Hara, who had represented McDaniel during the trial, his direct appeal, and on the motion to modify McDaniel's sentence.

Charles O'Hara stated in his affidavit that he did not have any recollection of informing McDaniel of his right to appeal the denial of the motion to modify the sentence. McDaniel, in his affidavit, stated his attorney had not informed him of the right to appeal the denial of his motion to modify sentence and he would have timely appealed if he had known of his right to appeal.

After the hearing, the court stated in its order, "In the court's opinion the affidavit of Gary McDaniel is false. Based on the kind of attorney Charles O'Hara is, Mr. O'Hara would have discussed the right to appeal from the denial of a post-appeal motion to modify sentence in the normal course of representing the defendant. Despite Mr. O'Hara's modesty as reflected in his affidavit, the defendant knew of his right to appeal. If Mr. O'Hara had, in fact, failed to do something he would have simply stated

so." The court found McDaniel was informed of his right to appeal the sentence.

In *State v. Ortiz*, 230 Kan. 733, we noted that this court has only such appellate jurisdiction as is provided by law. Jurisdiction to entertain an appeal is conferred by statute pursuant to article 3, § 3 of the Constitution of Kansas, and when the record discloses a lack of jurisdiction it is the duty of this court to dismiss the appeal.

The filing of a timely notice of appeal is jurisdictional. If the appeal is not filed within the 130-day period fixed by statute, K.S.A. 22-3608 and K.S.A. 1990 Supp. 21-4603, it must be dismissed. We noted an exception to the time limit for filing an appeal has been recognized in the interest of fundamental fairness where a defendant was not informed of the right to appeal or was not furnished an attorney to perfect the appeal and/or was furnished an attorney for that purpose who failed to perfect and complete an appeal. *State v. Ortiz*, Syl. ¶¶ 1, 2, and 3.

McDaniel asserts there was no evidence to show he was informed of his right to appeal the district court's denial of his motion to modify sentence. McDaniel claims in the absence of any evidence which demonstrates that he was advised of his right to pursue such an appeal by either his trial attorney or the trial court, he is entitled to pursue an appeal, and this court has jurisdiction to hear the appeal. The State argues the trial court found substantial competent evidence upon which to base its determination that O'Hara had informed McDaniel of his right to appeal. The State contends that, on the basis of O'Hara's affidavit, which did not expressly state that McDaniel was not informed of his right to appeal, as well as O'Hara's previous actions in this case, the court was correct in its assumption that it was reasonable to infer that McDaniel was informed of his right to appeal from the denial of his motion to modify sentence.

When a defendant claims he was not informed of his right to appeal, our review is limited to determining whether the district court's finding that the defendant was informed of his right to appeal is supported by competent evidence when that evidence is weighed in a manner most favorable to supporting the trial court's determination.

Here, the district court determined that Mr. O'Hara had informed McDaniel of his right to appeal the trial court's refusal to modify the sentence based on Mr. O'Hara's reputation as an experienced defense counsel. It is improper for a district court to take judicial notice of the reputation of a particular individual. *Weigand v. Union Nat'l Bank of Wichita*, 227 Kan. 747, 755, 610 P.2d 572 (1980). Other than the trial court's taking judicial notice of Mr. O'Hara's reputation as an attorney, our review of the record indicates there is no evidence that McDaniel was informed of his right to appeal the denial of his motion to modify his sentence.

The district court erred when it based its determination that the defendant had been informed of his right to appeal its refusal to modify his sentence solely on the fact the defendant had an experienced defense counsel. Under these facts, even though McDaniel's appeal is out of time, we are required to entertain the appeal as an exception to the general rule that the filing of a timely notice of appeal is jurisdictional. *Ortiz*, 230 Kan. 733, Syl. ¶ 3.

Did the trial court err when refusing to modify McDaniel's sentence? McDaniel states he must serve more than 75 years before he will be eligible for parole. Because he was 31 years old at the time he was sentenced, he will be approximately 106 years old before he is eligible for parole. The trial court's sentence and refusal to modify that sentence ensure that McDaniel will spend the rest of his life in prison. McDaniel contends, based on his background and the information contained in the SRDC report, the court's refusal to modify his sentence constitutes an abuse of discretion.

McDaniel points out that he had been employed for a number of years. He is married, has children, and has maintained close ties with his family and friends. He states that he does not have an alcohol or drug abuse problem. McDaniel states that he has never previously been charged with or convicted of a sexual offense. He had a prior juvenile adjudication for joyriding and an adult criminal conviction for robbery and burglary for which he was placed on probation. McDaniel notes that the SRDC report neither explains why an individual who has been a productive member of society with no history of sexual offenses would

suddenly, at age 31, engage in such conduct, nor does the report indicate such conduct is likely to recur. McDaniel argues that the SRDC report does not justify the sentencing judge's finding that he is a hopelessly dangerous sex offender who must be incarcerated for the rest of his life.

The State contends the trial court first considered the evidence presented at trial, the presentence investigation (PSI) report, and the victim impact statements and then applied K.S.A. 21-4601 and K.S.A. 21-4606 when determining the length of McDaniel's sentence. The State notes that the sentence imposed by the trial court is within the statutory limits. The State argues, based on the facts, the court did not abuse its discretion in sentencing McDaniel.

K.S.A. 21-4601 provides that persons convicted of crime shall be dealt with in accordance with their individual characteristics, circumstances, needs, and potentialities as revealed by case studies and that dangerous offenders shall be correctively treated in custody for long terms as needed. K.S.A. 21-4601 contemplates that the sentencing court shall give consideration not only to the individual characteristics, circumstances, needs, and potentialities of an individual defendant, but also to the needs of public safety and the protection of the general public. *State ex rel. Stephan v. Clark*, 243 Kan. 561, Syl. ¶ 5, 759 P.2d 119 (1988).

K.S.A. 21-4606(2) lists the criteria to be considered by the court in fixing a minimum term of imprisonment:

"(a) The defendant's history of prior criminal activity;

"(b) The extent of the harm caused by the defendant's criminal conduct;

"(c) Whether the defendant intended that his criminal conduct would cause or threaten serious harm;

"(d) The degree of the defendant's provocation;

"(e) Whether there were substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;

"(f) Whether the victim of the defendant's criminal conduct induced or facilitated its commission;

"(g) Whether the defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained."

At sentencing, the trial court stated:

"The seriousness of this case involving as many victims and as much shock and trauma and pain as they suffered calls for the application of sentence which exacts a separate penalty for each victim. . . .

. . . .
"The reason that these sentences are consecutive is because of the harm done to five different people.

. . . .
"The reason the counts are all concurrent with respect to violence done to each individual is not only because of the fact that the indignities were suffered upon one occasion, but because of the fact that consecutive life sentences have been imposed. It would simply be numbers that were meaningless to make additional years added to all of these sentences, and the purpose of the law is to make a sentence which comports with what occurred.

"Following the criteria in 21-4606, that is the degree of harm, the lack of justification, these appear to be appropriate sentences.

"The defendant is ordered to pay the costs of this action, if and when the defendant is considered for parole by the State Parole Board. It will be their obligation to determine how, if in any way, the victims could be compensated for the very substantial loss of personal feeling of safety and damage to their identities. I can't measure that. I have tried to measure it by the length of the sentence."

"A sentence imposed will not be disturbed on appeal if it is within the limits prescribed by law and the realm of trial court discretion and not a result of partiality, prejudice, oppression, or corrupt motive." *State v. Gibson,* 246 Kan. 298, Syl. ¶ 4, 787 P.2d 1176 (1990). See *State v. Trotter,* 245 Kan. 657, Syl. ¶ 8, 783 P.2d 1271 (1989). "The fact that the minimum sentence imposed by a trial court exceeds the life expectancy of the defendant has never been grounds, per se, for a finding that the sentence is oppressive or constitutes an abuse of discretion." *State v. Nunn,* 247 Kan. 576, 580, 802 P.2d 547 (1990).

McDaniel fails to show any partiality, prejudice, oppression, corrupt motive, or any abuse of discretion by the trial court when imposing the sentence.

Reversed in part and affirmed in part.