NOT DESIGNATED FOR PUBLICATION

Nos. 118,850
118,851

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ARKENTINA ORONA a/k/a TINA ORONA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Grant District Court; CLINT B. PETERSON, judge. Opinion filed February 8, 2019. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Jessica E. Akers*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., PIERRON and GREEN, JJ.

PER CURIAM: Arkentina Orona pleaded no contest to three counts of unlawful cultivation or distribution of a controlled substance. She then filed a presentence motion to withdraw her plea, arguing her attorney had coerced her into accepting the plea agreement. After an evidentiary hearing, the district court denied her motion. Orona appeals, challenging the district court's denial of her motion and its use of her criminal history in determining her sentence. Finding no error, we affirm.

Orona pleaded no contest to two counts of unlawful cultivation or distribution of a controlled substance in case 16-CR-96 after she sold methamphetamine to a confidential

1

informant. She also pleaded no contest to one count of unlawful cultivation or distribution of a controlled substance in case 17-CR-16 after police found methamphetamine in her home. At the plea hearing for both cases, the district court explained the charges and possible sentences. It also advised Orona of her rights, including the right to be presumed innocent, the right to call witnesses, the right to testify or not testify, and the right to have the charges against her proven beyond a reasonable doubt to a jury. Orona told the court that no one had promised her anything or threatened her. She also told the court that she understood the proceedings and her attorney, Barbara Nash, had answered all her questions.

Before sentencing, Orona moved to withdraw her plea. She alleged Nash had pushed her into taking the plea without properly investigating the case or discussing it with her. The district court held a hearing on the motion at which both Orona and Nash testified.

Orona told the court she had not been comfortable with the plea deal. She had wanted to know why she could not get probation, but Nash was always in a hurry and was never able to sit down and talk to her about it. Just before Orona entered court to plead, Nash told her she could either take a 9-and-a-half-year prison sentence or a 30-year sentence.

Orona testified that Nash came to see her in jail only two times, and she stayed for only five to ten minutes each time. But she later said that Nash had spent 30 to 45 minutes with her going over discovery. She also testified that Nash spent 30 minutes with her on another occasion trying to help find a bondsman. On cross-examination, Orona admitted she had met with Nash several times in court.

Unlike Orona's testimony, Nash testified she had visited Orona in jail many times, and the visits were always longer than five minutes. Between the preliminary hearing and

2

the plea hearing, Nash had met with Orona at least twice. Nash explained to Orona the significance of the testimony at the preliminary hearing and what it would mean at trial. She also explained the possible sentence based on Orona's criminal history and the severity of her current charges. She told Orona she was unlikely to get probation. She denied forcing Orona to take the plea or telling her she would get 30 years in prison if the case went to trial.

Nash testified the State had offered Orona a deal for seven years before the preliminary hearing. After the preliminary hearing, the State changed the plea offer to 11 years, but Nash had negotiated it down to 9 years. She met with Orona for a little over an hour in court before Orona entered her no contest plea. She advised Orona that it was in her best interest to take the plea offer because of the sentence she faced if they went to trial. She also told Orona that it was her decision whether to accept the plea agreement.

At the end of the hearing, the district court denied Orona's motion. The court found Orona was not credible and this was a case of "buyer's remorse." The court noted Nash spoke with Orona for a long time at the courthouse before Orona entered her plea. And it pointed out that Orona got a good deal, and probation was not a realistic sentence for her. The court added that Nash's work was familiar to the court. The court ultimately sentenced Orona to 48 months' imprisonment in case 16-CR-96, and 62 months' imprisonment in case 17-CR-16 to run consecutive to her sentence in 16-CR-96. Orona appeals, and the cases were consolidated.

Orona first argues the district court erred in denying her presentence motion to withdraw a plea. "A plea of guilty or nolo contendere, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged." K.S.A. 2017 Supp. 22-3210(d)(1). On appeal, the defendant must show that the district court abused its discretion in denying a presentence motion to withdraw plea. *State v. DeAnda*, 307 Kan. 500, 503, 411 P.3d 330 (2018). A judicial action constitutes an abuse

3

of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

Three factors (often called the *Edgar* factors) generally guide a district court's consideration of whether a defendant has shown good cause under K.S.A. 2017 Supp. 22-3210(d)(1) to withdraw a plea before sentencing: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. These factors should not be applied mechanically and to the exclusion of other factors. *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014). These factors establish "'viable benchmarks'" for the district court when exercising its discretion, but the court should not ignore other facts that might exist in a particular case. *State v. Schaefer*, 305 Kan. 581, 588, 385 P.3d 918 (2016).

The good cause showing for presentence motions to withdraw a plea is a lesser standard than the manifest injustice showing required for postsentence motions. K.S.A. 2017 Supp. 22-3210(d); *State v. Aguilar*, 290 Kan. 506, 512, 231 P.3d 563 (2010). In showing good cause to withdraw a no contest plea, the defendant need not show his or her counsel was unconstitutionally ineffective. Instead, the defendant may rely on "'[m]erely lackluster advocacy'" to support good cause under the first *Edgar* factor. *State v. Schaefer*, 305 Kan. 581, 589, 385 P.3d 918 (2016).

On appeal, Orona argues the district court erred in finding she was not coerced into pleading no contest. She points out she testified she was afraid when she entered her plea. She also believed if she did not enter the plea, she would receive a 30-year prison sentence. She asserts "the pressure she experienced to enter a plea substantially hindered her decision-making ability."

4

As the movant, Orona carries the burden to show good cause. See *State v. Reu-El*, 306 Kan. 460, Syl. ¶ 1, 394 P.3d 884 (2017). At the hearing, Orona testified that Nash told her if she did not accept the plea, she would receive a 30-year sentence. But the same judge presided at the plea hearing and at the motion to withdraw plea hearing. That judge was able to observe Orona at the time of her plea and determine whether her demeanor comported with her later testimony that Nash forced her to plead. See *State v. Macias-Medina*, 293 Kan. 833, 839, 268 P.3d 1201 (2012). And that judge found Orona was not credible. We do not redetermine witness credibility. As Orona presented no other evidence to support her claim, she has failed to carry her burden of proof.

Orona cites *State v. Denmark-Wagner*, 292 Kan. 870, 258 P.3d 960 (2011), in which the Kansas Supreme Court held that mere pressure from others to enter a plea does not show coercion that would warrant a plea withdrawal. 292 Kan. at 876-77. Denmark-Wagner sought to withdraw his plea because family members had pressured him into accepting it. The court held that this kind of psychological pressure does not rise to the level of good cause. 292 Kan. at 877.

Orona tries to distinguish her case by arguing she was afraid of the sentence she faced, and this impeded her decision-making ability. But any pressure Orona felt because of the sentence she faced resulted from her criminal history and the sentencing guidelines. See *State v. Glover*, 50 Kan. App. 2d 991, 999, 336 P.3d 875 (2014). Nash also testified she had advised Orona of the sentence she was facing and told her accepting the plea was in her best interest. But "[w]hen an attorney delivers harsh but accurate advice about the consequences of going to trial rather than taking a plea, that advice does not constitute undue influence." *State v. Taylor*, No. 112,442, 2015 WL 6835220, at *4 (Kan. App. 2015) (unpublished opinion). Thus, this is not grounds for finding Orona was coerced into accepting the plea.

Next, Orona argues the district court abused its discretion when it relied on evidence not presented at the hearing. She notes the district court found it was familiar with Nash's work as an attorney. She contends the court erred in relying on this in reaching its conclusion, because Nash's prior performance was not relevant to her performance here.

For support, Orona cites *State v. McDaniel*, 249 Kan. 341, 819 P.2d 1165 (1991). The Kansas Supreme Court found the district court had erred when it determined the defendant's attorney must have informed him of his right to appeal because the attorney was experienced, even though the attorney testified he could not remember if he had. 249 Kan. at 343-45. The Supreme Court explained: "It is improper for a district court to take judicial notice of the reputation of a particular individual," and no other evidence supported the district court's finding. 249 Kan. at 345.

But as the State argues, Orona's case is distinguishable. Here, the district court did not find that Nash did not pressure or threaten Orona based on its prior interactions with Nash. Instead, the court commented on prior experiences with Nash in making a credibility determination between Orona and Nash. Unlike *McDaniel*, other evidence supported the district court's decision, specifically Nash's testimony that she did not tell Orona she would get 30 years if she went to trial. The court did not abuse its discretion in denying Orona's motion.

Orona also argues the district court violated her Sixth and Fourteenth Amendment rights under the United States Constitution as recognized in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), when it sentenced her based in part on her criminal history without first requiring the State to prove her criminal history to a jury beyond a reasonable doubt. While Orona did not object to the use of her criminal history in this way, the Kansas Supreme Court has held that appellate courts can consider

6

the application of *Apprendi* for the first time on appeal. *State v. Anthony*, 273 Kan. 726, 727, 45 P.3d 852 (2002).

Orona concedes that the Kansas Supreme Court has already rejected this argument in *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002), and she raises it now only to preserve it for possible federal review. We are duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). And no such indication exists here. Thus, the district court did not err in using Orona's criminal history without first requiring the State to prove it beyond a reasonable doubt to a jury.

Affirmed.