NOT DESIGNATED FOR PUBLICATION

No. 120,164

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ERNEST JAMES ORTEGA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed November 1, 2019. Affirmed.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., MALONE, J., and DANIEL D. CREITZ, District Judge, assigned.

PER CURIAM:  Ernest James Ortega appeals from the district court's imposition of two consecutive life sentences with a minimum mandatory 50 years of incarceration before being eligible for parole. On appeal, Ortega claims that the district court abused its discretion when it imposed consecutive sentences. In support of this claim, Ortega asserts that his plea prevented further trauma to victims by bypassing a trial and that he accepted responsibility for his actions. Moreover, Ortega notes that he will be 98 years old at the time of his parole eligibility, which makes it a near certainty that he will die while incarcerated.

1

The Kansas Supreme Court has held that imposing consecutive sentences despite the defendant's remorse, the avoidance of a trial, or the age of the defendant does not constitute an abuse of discretion. Accordingly, Ortega's claim lacks merit and we affirm Ortega's consecutive life sentences.

*Factual Background*

The State charged Ortega with 28 counts of criminal conduct on February 9, 2017. These charges included rape, aggravated indecent liberties with a child, aggravated criminal sodomy, and other sexually violent crimes. On July 18, 2017, the State later amended the information with three additional counts.

On March 5, 2018, the district court held a plea hearing. At the plea hearing, this exchange occurred:

> "THE COURT: And do you understand that the Court has the discretion to order that those counts run consecutively; do you understand that?
> "[ORTEGA]: Yes, your Honor."

Ortega entered a plea corresponding to the "Tender of Plea" document. Paragraph 12 (a) of that document reads:

> "I have agreed, and hereby agree, to enter a plea to the following charge(s) alleged against me in 17CR1649: a plea of guilty to **Count 1:** Rape, a violation of K.S.A. 21-5503(a)(3) & (b)(2), an offgrid, person felony; a plea of no contest ~~to a plea of guilt to~~ **Count 3:** Aggravated Criminal Sodomy, a violation of K.S.A. 21-5504(b)(1) & (c)(3), an offgrid, person felony; a plea of guilty to **Count 5:** Aggravated Criminal Sodomy, a violation of K.S.A. 21-5504(b)(1) & (c)(3), an offgrid, person felony; a plea of guilty to **Count 12:** Criminal Sodomy, a violation of K.S.A. 21-5504(a)(3), a level 3, person felony;

a plea of guilty to **Count 17:** Indecent Liberties with a Child, a violation of K.S.A. 21-5506(a)(1), a level 5, person felony; and a plea of guilty to **Count 21:** Sexual Exploitation of a Child, a violation of K.S.A. 21-5510(a)(1), a level 5, person felony; **Count 29:** Aggravated Indecent Liberties with a Child, a violation of K.S.A. 21-5506(b)(3)(A), an offgrid person felony"

Finally, the district court sentenced Ortega on July 19, 2018. First, the district court heard argument from counsel and permitted several people to read victim impact statements. After hearing the statements, the district court entered its sentence. For Ortega's on-grid convictions, the district court imposed 59 months of incarceration for Count 12 (criminal sodomy) and 32 months of incarceration for Count 21 (sexual exploitation of a child). The district court ordered these counts to run concurrently and imposed "lifetime parole."

For each of the off-grid counts, the district court imposed "life in prison, with a minimum mandatory of 25 years before being eligible for parole" for Count 1 (rape), Count 3 (aggravated criminal sodomy), Count 5 (aggravated criminal sodomy), and Count 29 (aggravated indecent liberties with a child). Again, the district court imposed lifetime parole for each. Then the district court concluded:

> "And then as to the question of consecutive versus concurrent, and I am ordering that Counts 1 and 29 be served consecutively for two life consecutive sentences with a minimum mandatory of 50 years before being eligible for parole. All remaining counts will be sentenced concurrently and served concurrently."

Ortega timely appealed.

3

*The District Court Did Not Err When It Sentenced Ortega to Consecutive Sentences.*

Ortega raises one issue on appeal. He claims that the district court abused its discretion when it doubled "the minimum before parole eligibility." He claims that by accepting the plea deal, Ortega prevented "further harm to the complaining witnesses" because those witnesses did not have to testify at a criminal trial. Ortega will be 98 years old at the time of his parole eligibility, which makes his death in prison essentially "a certainty." Because "Ortega accepted responsibility for his actions" and because Ortega is "likely to die in prison, even with concurrent sentences," Ortega claims that the district court abused its discretion in ordering consecutive sentences.

K.S.A. 2018 Supp. 21-6819(b) provides discretion to the district court "to impose concurrent or consecutive sentences in multiple conviction cases." Further, that statute provides: "The sentencing judge may consider the need to impose an overall sentence that is proportionate to the harm and culpability and shall state on the record if the sentence is to be served concurrently or consecutively." K.S.A. 2018 21-6819(b).

Accordingly, this court must review the district court's sentencing decisions for an abuse of discretion. A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

An abuse of discretion occurs if discretion is guided by an erroneous legal conclusion or goes outside the framework of or fails to consider proper statutory limitations or legal standards. See *State v. Collins*, 303 Kan. 472, 477, 362 P.3d 1098 (2015). The party asserting the trial court abused its discretion bears the burden of showing such abuse of discretion. *State v. Robinson*, 303 Kan. 11, 90, 363 P.3d 875 (2015).

*Ortega's Claim Lacks Merit.*

The Kansas Supreme Court held that a district court's imposition of consecutive sentences was not an abuse of discretion, despite the defendant accepting responsibility and agreeing to anger management classes. *State v. Brune*, 307 Kan. 370, 372-73, 409 P.3d 862 (2018). Our Supreme Court noted that a "sentence can have a variety of justifications, such as incapacitation, deterrence, retribution, or rehabilitation." 307 Kan. at 373 (quoting *Ewing v. California*, 538 U.S. 11, 25, 123 S. Ct. 1179, 155 L. Ed. 2d 108 [2003]). The district court noted that the defendant killed several people in their home for their belongings, that the killings were premeditated, and that the defendant later blamed his victims. Because the district court articulated its reason for imposing the sentences consecutively—the seriousness of his crimes—the district court did not abuse its discretion. 307 Kan. at 373.

Further, the Kansas Supreme Court upheld a district court's imposition of consecutive sentences, even after the district court failed to provide an on-the-record explanation of its reasoning. See *State v. Frecks,* 294 Kan. 738, Syl. ¶ 2, 738, 280 P.3d 217 (2012). Frecks requested his sentences run concurrently. At sentencing, the district court imposed consecutive sentences for two counts of aggravated indecent liberties with a child. On appeal, the defendant argued that he took responsibility by entering a plea, prevented further trauma to the victims by avoiding a trial, saved the State the expense of the trial, and had no previous criminal history.

The Kansas Supreme Court noted that the district court failed to "provide specific reasons for imposing life sentences in this case, saying only: 'Based upon the plea negotiations and the allegations surrounding the plea and the filing documents, these will run consecutive to one another.'" 294 Kan. at 741-42. Our Supreme Court highlighted the district court's sparse explanation, but it affirmed the district court regardless:

5

"While it is certainly the better practice for the district court to include an explanation of its reasons when it imposes consecutive life sentences, a sentencing judge's failure to engage in a lengthy colloquy does not amount to an abuse of discretion. . . . Reasonable people may disagree as to whether sentences should have been imposed consecutively or concurrently; however, under the facts of this case, it was not an abuse of discretion to impose the life sentences consecutively." 294 Kan. at 742.

More specifically, the Kansas Supreme Court addressed whether sentencing a defendant to such a lengthy term that almost assures that the defendant will die in prison is an abuse of discretion. A defendant received several sentences for criminal conduct in *State v. Tyler*, 251 Kan. 616, 624, 840 P.2d 413 (1992). The district court imposed the defendant's sentences consecutively, which created a controlling sentence of 111 to 330 years of incarceration.

Among a litany of other claims, the defendant argued that the long sentence constituted cruel and unusual punishment under the Eighth Amendment to the United States Constitution and section 9 of the Kansas Constitution Bill of Rights. In addition to his constitutional claims, the defendant asserted that the district court abused its discretion when it imposed such a long sentence.

Turning to the defendant's abuse of discretion argument, our Supreme Court dismissed the claim as meritless. The court explained that the defendant "claims the trial court abused its discretion by giving him such a long sentence, guaranteeing he will die in prison." 251 Kan. at 647. However, the court further clarified: "'The fact that the minimum sentence imposed by a trial court exceeds the life expectancy of the defendant has never been grounds, per se, for finding that the sentence is oppressive or constitutes an abuse of discretion.'" 251 Kan. at 647 (quoting *State v. Nunn*, 247 Kan. 576, 580, 802 P.2d 547 [1990]).

Kansas appellate courts have repeated this mantra often. See, e.g., *State v. McCloud*, 257 Kan. 1, Syl. ¶ 3, 891 P.2d 324 (1995) ("The fact that a minimum sentence imposed by a district judge exceeds the life expectancy of the defendant is not grounds, per se, for finding that the sentence is oppressive or constitutes an abuse of discretion."); *State v. Rodriguez*, 254 Kan. 768, 777, 869 P.2d 631 (1994); *State v. McDaniel*, 249 Kan. 341, 347, 819 P.2d 1165 (1991); *Nunn*, 247 Kan. 576, Syl. ¶ 4; *Van Dyke v. State*, 31 Kan. App. 2d 668, 677, 70 P.3d 1217 (2003); *State v. Long*, 26 Kan. App. 2d 644, 657, 933 P.2d 1237 (1999).

Here, two victims' statements were read into the record. Two young girls were sexually assaulted, on repeated occasions, over a period of time. A third young person, a friend of one of the girls, was seriously traumatized when learning about the crimes and reporting the crimes to law enforcement. The families of these three young people suffered as well.

As the State argues, "More than one incident, the molestations happened over a period of time, and the semi parental relationship between the victims and defendant, the facts and evidence, in this case, supported the court's decision to run two counts consecutive."

Here, Ortega fails to assert facts sufficient to prove that the district court abused its discretion when it sentenced him. Ortega argued several factors to support his claim. These factors include (1) recognizing his actions were wrong; (2) preventing further trauma to his victims from a trial; (3) and the high likelihood that Ortega will die in prison with concurrent sentences, and the almost certainty of this outcome with consecutive sentences.

The Kansas Supreme Court held that imposing consecutive sentences in light of each of these factors does not constitute an abuse of discretion. The criminal defendant in

7

*Frecks* argued that he took responsibility for his actions by taking a plea and prevented his victims further trauma by avoiding a trial, and our Supreme Court affirmed the district court's imposition of consecutive sentences. *Frecks*, 294 Kan. 741-42. Accordingly, without any additional showing, the district court did not abuse its discretion despite Ortega's first two factors.

Further, several cases clearly establish that a district court does not abuse its discretion simply because the length of the imposed sentence results in a high probability that the defendant will die while incarcerated. See *Tyler*, 251 Kan. at 647.

The Kansas Supreme Court has held that imposition of consecutive sentences despite each of these factors did not constitute an abuse of discretion. The district court did not abuse its discretion. We affirm Ortega's sentences.

Affirmed.